**Rufo O. GONZALEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 85 Civ. 4312–CSH.**

United States District Court,
S.D. New York.

Sept. 19, 1985.

---

Rufo Gonzalez, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; Kenneth I. Schacter, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The habeas corpus petition of Rufo Gonzalez pursuant to 28 U.S.C. § 2255 raises one question of substance. That is whether his sentence should be vacated and Gonzalez resentenced on his conviction following jury trial, because of this Court's fail-

ure at the time of sentencing to comply with the 1983 amendments to Rule 32, F.R. Crim.P.[1]

The 1983 amendments to Rule 32, in effect at the time petitioner was sentenced, provide in pertinent part as follows:

"(a) *Sentence.*

"(1) *Imposition of Sentence.* Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

"(A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B); . . . ."

. * * * * * *

"(3) *Disclosure.*

"(A) At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the pre-sentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."

* * * * * *

"(D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege

---

1. The petition also reargues Gonzalez's contention that, because of onerous bail conditions, his time at liberty on bail pending trial and appeal should count as time served against his sentence. I have rejected that contention in the context of Gonzalez's prior Rule 35 motion, and adhere to that view. I also regard as immaterial to this petition Gonzalez's claim that his bail conditions were unfair when contrasted to pretrial conditions recently imposed upon an assistant United States Attorney in an unrelated case.

any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the prsentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission."

The record in this case demonstrates noncompliance by this Court with the Rule. The Court did not determine, by directly questioning Gonzalez, whether or not he had read the presentence report prepared by the Probation Department. That omission violated Rule 32(a)(1)(A). Secondly, although as appears *infra* the Court stated that it did not take into consideration in sentencing certain disputed aspects of the presentence report, the Court did not append a written record of that determination to the presentence report. That omission violated Rule 32(c)(3)(D). Those omissions, as the Government contends and as petitioner gracefully acknowledges, were inadvertent.

In point of fact, the record on the present petition makes it clear that Gonzalez had not read the presentence report prior to sentencing. He attempted to read it, about a month before he was sentenced, but ran afoul of a local Probation Department rule which denies a defendant access to his presentence report unless he is accompanied by counsel.[2]

The Government points out accurately that defendant's counsel obtained access to the presentence report. Counsel addressed perceived inaccuracies and inequities in the report at length in his sentencing speech. But that does not meet the points that petitioner had not read the report, or that

the Court failed to ascertain that he had not done so.

The Government, resisting the present petition, argues that it makes no difference because, during the month between his unsuccessful effort to read the report and the sentencing, petitioner had ample opportunity to arrange an appointment with his attorney to gain access. Petitioner, a novice to the law, plausibly explains that he was not aware of the importance of doing so. In view of this Court's omissions at the time of sentencing—omissions which the Assistant United States Attorney also failed to observe or correct—I am not inclined to conclude that petitioner waived rights which Rule 32, speaking in the conjunctive rather than the disjunctive, quite clearly confers upon him as well as upon his attorney.

It is of course the fact that, at the sentencing hearing, petitioner's counsel took issue with a number of aspects of the presentence report. The Court made it clear, in passing sentence, that to the extent disagreements with the contents of the report were called to its attention, the disputed issues were not taken into account in arriving at a sentence. At Tr. 12–13 the following appears:

"THE COURT: I have considered the presentence report and what has been said this afternoon, and Mr. Feldberg refers to his letter of March 26, 1984 on the subject of costs of prosecution. I've considered that as well.

"I should say preliminarily, I think that Mr. Gonzalez' concerns and those of Mr. Amoroso [counsel for petitioner] with respect to the wording of the presentence report and the slant or bias or twist which they perceive in it should not concern them. I do not take into consideration whatever personal views one may detect in the presentence report as far as the Probation Officer is concerned. In saying that, I do not mean to suggest that I agree with Mr. Amoroso and with

---

2. In the light of the 1983 amendments to Rule 32, the Probation Department might do well to reconsider that policy.

Mr. Gonzalez that the presentence report is unfairly worded. I mean to say only that I think that the trial evidence and the jury verdict form a sufficient basis for the Court's sentence. And in focusing my gaze and my thoughts upon that, I find it unnecessary to be influenced in any way, and am in fact not influenced in any way, by whatever personal perceptions of the Probation Officer that may have crept into the Probation Report. "I am concerned then with the charges made against Mr. Gonzalez and the jury verdict after the evidence in response to those charges."

That determination, so far as it goes, constitutes compliance with the second of the two alternative courses of action required of the trial judge by Rule 32(c)(3)(D) in the event of disputed statements in a presentence report. But it is not sufficient to dispose of that, or of other aspects, of the case at bar, because petitioner claims in his present papers that during sentencing "petitioner's counsel objected to some, but not all, of the false allegations of Probation Officer Kenneth Greenblatt which clearly demonstrated Mr. Greenblatt's negative bias against the petitioner." Reply Memorandum of July 22, 1985 at 2. Petitioner then goes on to give specific examples. The conclusion follows that, had petitioner read the presentence report, he would have raised specific points of objection and dispute that were not addressed by his counsel.

Even to the extent that the Court stated on the record its determination that certain controverted matters would not be taken into account in sentencing, there was non-compliance with Rule 32(c)(3)(D) because a written report of those determinations was not appended to the presentence report, so that it could accompany that document into the hands of the Bureau of Prisons or the Parole Commission. That is significant because the amendments to the rule and the cases construing it, cited *infra*, recognize that a presentence report has a life of its own which survives sentencing. The report follows the defendant and may influence his future treatment. The Government now suggests that the omission can be cured by sending those authorities a copy of the sentencing transcript at this time. I need not decide whether, in a case where it was clear that all disputed areas of the report had been called to the judge's attention and dealt with by him at the time of sentencing (albeit not appended to the report), such a curative action would do away with the need for resentencing. In the case at bar, for the reasons stated, that basic premise is not present.

Apparently there is no Second Circuit authority addressing the consequences of the district court's failure to comply with Rule 32 as amended. However, there is a growing body of authority in other circuits which, in order to further the salutary purposes of the amendments, requires resentencing in the event of non-compliance. *United States v. Petitto,* 767 F.2d 607 (9th Cir.1985); *United States v. Velasquez,* 748 F.2d 972 (5th Cir.1984); *United States v. Travis,* 735 F.2d 1129 (9th Cir.1984); *United States v. Rone,* 743 F.2d 1169 (7th Cir. 1984).

I appreciate that the cited cases involved direct appeals from a sentence, whereas in the case at bar Gonzalez is prosecuting a *habeas corpus* collateral attack under § 2255. At least in the context of an alleged non-compliance with Rule 11, F.R. Crim.P., it is now clear that the petitioner must demonstrate actual prejudice rising to the level of a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 782, 99 S.Ct. 2085, 2086, 60 L.Ed.2d 634 (1979). Assuming *arguendo* that these strict criteria apply equally to allegations of non-compliance with Rule 32, Gonzalez has demonstrated prejudice—he would have objected to certain aspects of the presentence report which he had not read—and I regard the purposes of Rule 32 as sufficiently important to require that, in the interests of justice, Gonzalez be resentenced so that a full record, and full compliance with the rule, may be accomplished.

For the foregoing reasons, the Court's judgment and sentence of April 24, 1984 is vacated. Of course, petitioner will not be released from custody. On the contrary, he will remain in custody pending further proceedings on the petition. In aid of those proceedings, the Government is directed to produce petitioner before this Court forthwith for resentencing.

It is SO ORDERED.