**UNITED STATES of America, Appellee,**

v.

**Mario Garcia CORTEZ,
Defendant-Appellant.**

**No. 638, Docket 87–1017.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1988.

Decided March 4, 1988.

Frederick H. Block, New York City, for defendant-appellant.

John J. Gallagher, Asst. U.S. Atty., E.D. of New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., for the E.D. of New York, John Gleeson, Asst. U.S. Atty., E.D. of New York, Brooklyn, N.Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, MESKILL and MAHONEY, Circuit Judges.

MESKILL, Circuit Judge:

In this appeal, defendant-appellant Mario Garcia Cortez challenges the adequacy of procedures employed at his sentencing following the entry of a guilty plea in the United States District Court for the East-

ern District of New York, Bramwell, J. Cortez argues that Judge Bramwell violated Fed.R.Crim.P. 32(a)(1) by failing to ask the appellant directly whether he had had an opportunity to review the government's presentence investigation report (PSI). Cortez also contends that Judge Bramwell violated Fed.R.Crim.P. 32(c)(3)(D) by failing to attach a transcript of the sentencing proceedings to the PSI upon filing and by failing to respond properly to appellant's objections to certain factual allegations contained in the PSI.

Cortez was charged in 1986 in two separate indictments with two counts of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1982). On May 12, Cortez appeared before Judge Bramwell to enter a guilty plea to one of the charges in return for the government's agreement to dismiss the other indictment. In his plea allocution, Cortez admitted that between January 15, 1986, and January 30, 1986, he had arranged with other co-conspirators to sell one kilogram of cocaine to an individual who turned out to be an undercover government agent. *See* App. at 25–28. The indictment that the government agreed to dismiss alleged that Cortez and others had arranged in a previous conspiracy to sell eighty-eight kilograms of cocaine to the same undercover officer. That transaction, however, was never consummated. *See id.* at 11–14.

Judge Bramwell agreed to accept Cortez's plea and scheduled sentencing for June 12. He ordered the preparation of a PSI. At the sentencing hearing, Judge Bramwell did not ask Cortez directly if he had had an opportunity to review the PSI. However, Cortez's counsel did urge the district court to disregard a statement in the PSI indicating that federal agents "consider [Cortez] a distributor of large amounts of cocaine." *Id.* at 38. He argued that there was no factual basis for that charge in the PSI or in the underlying indictment. Judge Bramwell said that he would disregard the allegation, *see id.*, presumably acting pursuant to Fed.R.Crim.P.

32(c)(3)(D)(ii). The government indicated that it had no objection to the district court's decision.

Moments later, Judge Bramwell sentenced Cortez to eight years in prison and to a fine of $50 assessed pursuant to 18 U.S.C. § 3013 (Supp. IV 1986). The crime to which Cortez pleaded guilty carried with it a maximum prison sentence of fifteen years. In reaching his decision as to the appropriate sentence, Judge Bramwell recited the relevant facts of the underlying offense and alluded to the earlier, unconsummated drug transaction that was the subject of the dismissed indictment. He said:

> The defendant's commission of the instant offense indicates his ability to contact sources of very large amounts of cocaine and to negotiate its sale. Factors extraneous to the defendant's efforts stymied this sale in which he was directly involved. It appears that the defendant sentence [sic] should be as a major distributor of cocaine and should include a significant period of incarceration.

App. at 42.

Cortez subsequently filed a motion for a reduction of sentence pursuant to Fed.R. Crim.P. 35, but Judge Bramwell denied the motion. Appellant then filed a timely notice of appeal to this Court. However, his appellate counsel, who had represented him at the sentencing below, moved to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In a letter to this Court, Cortez argued that there were nonfrivolous issues that he wished to appeal, including his allegation that Judge Bramwell had failed to make adequate findings as to controverted aspects of the PSI. By order dated September 14, 1987, we granted the attorney's motion to withdraw, but denied the government's cross-motion for summary affirmance of the judgment, instead granting Cortez's request for new counsel to pursue his appeal. *See* App. at 9–10.

■ We first consider appellant's claim that Judge Bramwell violated Fed.R. Crim.P. 32(c)(3)(D) by failing to attach a record of the sentencing proceedings to the PSI for filing with the Bureau of Prisons and the Parole Commission. We note that the literal language of Rule 32(c)(3)(D) does not require that a full record of sentencing proceedings invariably accompany the PSI upon filing. Rather, Rule 32(c)(3)(D) requires that "a written record of ... findings and determinations" made in response to objections to the PSI "be appended to and accompany" the report. When such objections are made, however, we have referred generally to the rule's "requirement that the transcript of the sentencing hearing be appended to the copy of the [PSI] forwarded to the Parole Commission or the Bureau of Prisons." *United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir.1986). We therefore believe that in this case, where objections to the PSI were made, the district court was obligated to attach a record of any relevant proceedings to the PSI upon filing. Although failure to comply with this aspect of Rule 32(c)(3)(D) is "largely a ministerial matter," it is an omission that should "not be taken lightly." *See Ursillo,* 786 F.2d at 71. Even if objections to the PSI do not affect a district court's sentencing, the "presentence report has a life of its own [that] survives sentencing" and can influence a defendant's future treatment. *See Gonzalez v. United States,* 623 F.Supp. 715, 718 (S.D.N.Y.1985). We therefore believe, as the government concedes, that a limited remand is necessary in this case so that the district court can comply with this ministerial requirement of Rule 32(c)(3)(D). *See United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987).

■ Appellant also argues that Judge Bramwell violated Rule 32(c)(3)(D) by failing to respond properly to Cortez's objection to the allegation in the PSI that he was considered "a distributor of large amounts of cocaine." In essence, Cortez argues that Judge Bramwell reneged on his promise to disregard that allegation when, in imposing sentence, he referred to the appellant as "a major distributor of cocaine." The pertinent portions of Rule 32(c)(3)(D) provide that if the defendant or his counsel "allege any factual inaccuracy in the presentence investigation report ..., the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." We have held that strict compliance with these provisions is mandatory. *See, e.g., United States v. Weichert,* 836 F.2d 769, 771 (2d Cir.1988); *Bradley,* 812 F.2d at 782 (citing *Ursillo,* 786 F.2d at 68–69, 71). Here, Judge Bramwell's initial agreement to disregard the allegation in the PSI could be seen as an attempt to comply with the requirement of Rule 32(c)(3)(D)(ii). However, given that Cortez argued that there was no factual basis for that allegation, the district court's later reference to appellant as a "major distributor of cocaine" seems inconsistent with such a disclaimer. We therefore believe that Judge Bramwell's remark can only withstand scrutiny if it can be seen as a "finding" sufficient to satisfy Rule 32(c)(3)(D)(i).

We have held that Rule 32(c)(3)(D) "is designed to insure maximum clarity, on the record, of the sentencing judge's treatment of any disputed matters in the presentence report." *Ursillo,* 786 F.2d at 71. The clarity of the record in this case undoubtedly would have been enhanced if Judge Bramwell had explicitly termed his remark a finding and had identified the source of information upon which it was based. Given the similarity between his remark and the controverted allegation in the PSI, such a procedure would have been helpful. However, there certainly was sufficient information available to Judge Bramwell to support his conclusion that appellant had been involved in large cocaine transactions. We have consistently held that a sentencing judge may rely on a wide range of information, including evidence of uncharged crimes and dropped counts of an

indictment. *See, e.g., United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987). Here, Cortez acknowledged in his plea allocution that he and his co-conspirators had arranged the sale of one kilogram of cocaine to a government undercover agent. App. at 25–32. Moreover, based on the two indictments and the complaint filed by the undercover agent, there was evidence before the district court that Cortez had helped arrange an earlier sale of eighty-eight kilograms to the very same agent. *See id.* at 11–19. There is no indication that Cortez was sentenced on the basis of materially false information in violation of his rights under the Due Process Clause. *See Romano*, 825 F.2d at 728. We conclude that there was a sufficient factual basis for Judge Bramwell to make a finding pursuant to Rule 32(c)(3)(D)(i) that Cortez had been involved in major drug transactions. In fact, the district court alluded to those facts immediately before terming Cortez "a major distributor of cocaine." We therefore find no reason to seek clarification on the remand to the district court. *Cf. Bradley*, 812 F.2d at 782.

■ Appellant also contends that Judge Bramwell violated Fed.R.Crim.P. 32(a)(1) by failing to ask directly whether Cortez had had an opportunity to review the PSI. Resolution of this claim necessitates some clarification of our interpretation of this particular rule. Rule 32(a)(1) provides that "[b]efore imposing sentence the [district] court shall (A) determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report. . . ." The Courts of Appeals have differed in their interpretation of this command. The Seventh Circuit has held that Rule 32(a)(1) requires the district court to "ask the defendant only three [direct] questions, [including] whether he or she has had an opportunity to read the [PSI]." *United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir.1984). The Third Circuit, on the other hand, has expressly rejected the *Rone* rule, holding that although such direct questioning would be desirable, "the Rule d[oes] not . . . create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report." *United States v. Mays*, 798 F.2d 78, 80 (3d Cir.1986). The *Mays* rule therefore leaves the district court free to infer or "somehow determine that the defendant has had this opportunity." *Id.* (emphasis in original deleted).

Soon after *Mays* was decided, we adopted a similar rule, holding that "[i]t is not necessary [under Rule 32(a)(1)] for the district court to personally question the defendant as to whether he has read the PSI." *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir.1986) (per curiam). However, in support of our conclusion, we cited only the Seventh Circuit's decision in *Rone*, a decision that clearly holds that the district court *is* required to ask such questions. *See Rone*, 743 F.2d at 1174. *See also Ursillo*, 786 F.2d at 71 n. 4 (noting that *Rone* imposes an obligation upon the district court to question the defendant directly); *Mays*, 798 F.2d at 80; *United States v. Zilberbrand*, 601 F.Supp. 549, 550–52 (N.D. Ill.1985). Despite this inapposite citation, we believed then as we do now that the *Rone* rule is an inappropriate and unnecessary extension of Rule 32(a)(1).

■ We agree with the *Mays* Court that the plain language of Rule 32(a)(1)(A) must be read in conjunction with that in Rule 32(a)(1)(C). Whereas Rule 32(a)(1)(A) simply requires the district court to "determine" if the defendant and his counsel have had an opportunity to review the PSI, Rule 32(a)(1)(C) provides that the district court "shall . . . address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf." We do not view the difference in language as coincidental. *See Mays*, 798 F.2d at 80. Although we agree that direct questioning as to all relevant aspects of Rule 32(a) is indeed "the better practice," *id.*, it is not required by the language of Rule 32(a)(1)(A). The district court may draw reasonable inferences

about whether the defendant has had an opportunity to review the PSI and to discuss it with counsel. Here, counsel's objections to certain aspects of the PSI before Judge Bramwell indicated a familiarity with the report and could, in the context of these proceedings, have created a reasonable inference that counsel had discussed the report with his client. Moreover, Cortez has never seriously contended before this Court that he has not seen the PSI. His comments in letters and his counsel's remarks during oral argument on the *Anders* motion indicate otherwise. We do not believe that Judge Bramwell committed error here.

■ Finally, we acknowledge the receipt of a letter from Cortez to his new appellate counsel, dated January 4, 1988 and forwarded to us on January 15, asking that his attorney also assert that his original counsel was ineffective, in violation of the Sixth Amendment. Because this claim was not presented in a timely fashion, we will not rule on it in this appeal. Cortez may, if he desires, raise this claim in the district court in an appropriate motion, perhaps under 28 U.S.C. § 2255 (1982).

## CONCLUSION

For all of the foregoing reasons, we affirm the judgment of the district court. We remand the matter for the limited purpose of having a record of the sentencing proceedings attached to the presentence investigation report, in compliance with Fed. R.Crim.P. 32(c)(3)(D).