**UNITED STATES of America**

v.

**Saverio G. SCHIFANO, a/k/a "Sammy," Petitioner.**

**Nos. 89 Civ. 3309 (JES), S 84 Cr. 1034 (JES).**

United States District Court, S.D. New York.

Oct. 9, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for the U.S. (John M. McEnaney, Asst. U.S. Atty., of counsel).

Saverio G. Schifano, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner Saverio G. Schifano, brings this petition *pro se* under the All Writs Act, 28 U.S.C. § 1651 "to vacate, set aside or correct [his] sentence." Petitioner makes the following claims: 1) that he has been denied his Fifth Amendment right to due process of law and his Eighth Amendment right to be free of cruel and inhumane punishment because the United States Parole Commission ordered that he not receive parole as early as the Court estimated; 2) that the Government and the Court failed to advise him of the contingencies inherent in a request for parole thereby invalidating his guilty plea; 3) that the Sentencing Reform Act, which abolishes parole after March 1, 1992, constitutes an unconstitutional *ex post facto* increase of his sentence; 4) that his counsel's failure to file a motion under Fed.R.Cr.P. 35 constituted ineffective assistance of counsel; and 5) that the Court's failure to address him personally at sentencing to inquire whether he had read the presentence report violated Fed.R.Cr.P. 32 and entitles him to be resentenced. For the reasons that follow, the petition is dismissed.

## BACKGROUND

On March 10, 1986, this Court, following petitioner's plea of guilty to narcotics conspiracy and weapons charges, sentenced petitioner to 15 years imprisonment, to be followed by an additional five years of special parole. *See* Transcript of Sentencing ("Sent. Tr.") at 10–11 (March 10, 1986).

On June 6, 1988, petitioner appeared before the United States Parole Commission for his initial hearing. Upon reviewing petitioner's case, the parole examiners recommended that petitioner be continued to a mandatory release date of January 14, 1995. Petitioner appealed the Parole Commission action, on the grounds that the Parole Commission, by ignoring the sentencing court's estimation that he would receive parole after approximately 64 to 78 months, usurped the sentencing court's discretion. The Parole Commission denied that appeal.

Petitioner appeared before the Parole Board in June of 1990. At that time the

Board again ordered that he serve until the expiration of his sentence. However, the Board set his release date for May 11, 1994, which is eight months earlier than the prior date. *See* Letter of AUSA John M. McEnaney to Hon. John E. Sprizzo (Sept. 6, 1990). He is scheduled to appear before the Parole Board again in June of 1992.

## DISCUSSION

### Jurisdiction

 At the outset, the Court notes that 28 U.S.C. § 1651 is not an appropriate basis for this petition. *Coram nobis* relief under the All Writs Act, 28 U.S.C. § 1651, should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *United States v. Mandel,* 862 F.2d 1067, 1076 (4th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989) (quoting *Correa–Negron v. United States,* 473 F.2d 684, 685 (5th Cir.), *cert. denied,* 414 U.S. 870, 94 S.Ct. 89, 38 L.Ed.2d 88 (1973)). *Coram nobis* therefore is not available where an incarcerated defendant can file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *See United States v. Russell,* 776 F.2d 955, 957 n. 1 (11th Cir.1985); *United States v. Little,* 608 F.2d 296, 299 (8th Cir.1979), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980); *United States v. Keogh,* 391 F.2d 138, 149 (2d Cir.1968) (§ 1651 relief available where petitioner does not have a remedy under § 2255); *see also* Wright, Federal Practice and Procedure, Criminal, § 592 at 433 n. 18 (1982 & Supp. III 1990). However, because petitioner is in custody and is proceeding *pro se,* the Court will construe the petition liberally and treat it as a motion pursuant to § 2255 rather than a petition brought under 28 U.S.C. § 1651. *Cf. Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

### Unconstitutional Application of Parole Guidelines Claim

 Petitioner's first claim is that his constitutional rights were violated because the Parole Commission did not grant him parole within the time period contemplated by the Court at sentencing. At the time of sentencing, the Court stated that in its view of the parole guidelines, he would probably be released after serving between 64 to 78 months in prison. *See* Sent. Tr. at 9–10. However, when petitioner appeared before the Parole Commission, it ordered that he be continued to his maximum release date which, in petitioner's case, will require him to serve approximately 100 months in prison.

The Government correctly argues that this claim is governed by *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), and must be rejected. In *Addonizio,* the Supreme Court held that because subsequent actions by Parole Commission do not affect the validity of the petitioner's sentence collateral review is not available where a petitioner alleges that the Parole Commission has prolonged his sentence beyond the period intended by the sentencing judge. *See id.* at 186–87, 190, 99 S.Ct. at 2241, 2243. Moreover, the Court noted that the statutory scheme vests the Parole Commission, not the Court, with the responsibility for determining when a defendant will be released on parole, *see id.* at 189, 99 S.Ct. at 2242, and therefore "the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." [1] *Id.* at 190, 99 S.Ct. at 2243.

---

**1.** In any event, since petitioner challenges a decision relating to the execution of his sentence, judicial review is only available in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and must be brought in the district in which petitioner is incarcerated. *See Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir.1985); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 944, 948 (2d Cir.1976).

A § 2241 petition is also the proper way in which to obtain review of petitioner's claim that the Parole Commission has, and will continue to, deny him good time credits because of his inability to work. That claim also directly attacks a policy or decision of the Parole Commission in the execution of petitioner's sentence, not the sentence itself. *See United States v. Huss,* 520 F.2d 598, 603–04 (2d Cir.1975).

■ Petitioner also contends that because the Court's sentence was based upon an erroneous prediction about his future parole, the sentence was based upon misinformation of constitutional magnitude and must be vacated. While it is true that this circuit has held that a sentence based upon an incorrect application of state parole laws violates a defendant's due process rights, *see King v. Hoke,* 825 F.2d 720, 724 (2d Cir.1987), the Court in *King* expressly stated that *Addonizio* foreclosed any such due process claim where, as here, the alleged misinformation consisted of an incorrect prediction as to how the Parole Commission would exercise its discretion. *See id.* at 725.

### Invalid Guilty Plea Claim

■ Petitioner argues that his plea of guilty is invalid and must be withdrawn because he was not advised that the Parole Commission could deny him parole and require him to serve until his maximum release date. However, there is no constitutional or statutory requirement that a defendant be supplied with information about his eligibility for parole at the time he pleads guilty. *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *Hunter v. Fogg,* 616 F.2d 55, 61 (2d Cir.1980); Fed.R.Cr.P. 11(c)(1). Fed.R. Cr.P. 11 requires only that a defendant be advised of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term. *See* Fed.R.Cr.P. 11(c)(1). This Rule conforms to the requirements of the Constitution. *See Hill, supra,* 474 U.S. at 56, 106 S.Ct. at 369. Petitioner has not asserted that he was deprived of this information when he pleaded guilty and therefore there is no basis to find that his plea was invalid.[2] According-

ly, the claim that he should be allowed to withdraw his guilty plea on this ground must also be rejected.

### Ex post facto Claim

■ Petitioner also claims that application of the Sentencing Reform Act to his sentence violates the prohibition against *ex post facto* laws found in the United States Constitution.[3]

Petitioner is currently incarcerated and is scheduled to serve until his mandatory release date: May 11, 1994. He argues that because parole and the Parole Commission will be abolished on November 1, 1992, *see* Comprehensive Crime Control Act of 1984, Pub.L. 98–473, tit. II, § 212, 218(a)(5), 98 Stat. 1837 (Oct. 12, 1984), he will be deprived of the right to be considered for parole during the period from the Parole Commission's abolition until the time of his release. Petitioner contends that this circumstance enhances the penalties for his misdeeds so that they are now more severe than they were at the time he committed the crimes and thus violates the *ex post facto* clause of the Constitution. Petitioner therefore requests that the Court order that he be released on parole after he serves 64–78 months or one-third of his sentence, whichever is earlier.

Since petitioner's *ex post facto* claim is based upon facts occurring after his sentence, *i.e.,* the future abolition of the Parole Board, the Court's subject matter jurisdiction to entertain this claim under section 2255 is dubious at best. *See United States v. Hutchings,* 835 F.2d 185, 186 (8th Cir.1987); *Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir.1985); *see generally United States v. Huss,* 520 F.2d 598, 604 (2d Cir.1975). However, even assuming arguendo that the Court could properly hear this claim under section 2255, it is not clear that petitioner has standing to raise that claim at this time under Article III of the

**2.** Petitioner claims that the Government's acquiescence in the Court's assessment of his probable parole release date constituted an implicit agreement that he would be released on parole at that time. However, he has not claimed that there were any direct promises made to him by either the Court or the Government regarding the actions which could or would be taken by the Parole Commission. In the absence of such

a direct promise by the Government, reliance upon *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) and its progeny is misplaced.

**3.** "No Bill of Attainder or ex post facto Law shall be passed." U.S. Constitution, Art. I, § 9, Cl. 3.

Constitution.[4] In order "to establish an Art. III case or controversy, a litigant must first establish that he has suffered an 'injury in fact,'" which "must be concrete in both a qualitative and temporal sense." *Whitmore v. Arkansas,* —— U.S. ——, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990) (quotations omitted). Moreover, the injury alleged must be "'distinct and palpable' as opposed to merely 'abstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* (quotations omitted); *accord Los Angeles v. Lyons,* 461 U.S. 95, 101–04, 103 S.Ct. 1660, 1664–66, 75 L.Ed.2d 675 (1983).

The alleged harm to Schifano is too speculative to satisfy this standard. Petitioner is scheduled to appear before the Commission again in June of 1992, well before the Parole Commission is abolished in November 1992. *See* Letter of AUSA John M. McEnany to Hon. John E. Sprizzo (Sept. 6, 1990). Thus, it is clear that petitioner will have the opportunity to be considered for parole before the Parole Commission is abolished, and indeed under the Sentencing Reform Act and the regulations promulgated thereunder, a determination must be made as to his parole well before that date.[5] This circumstance renders his claim that he has been deprived of the right to parole too speculative at present to satisfy the constitutional requirement of subject matter jurisdiction.

*Ineffective Assistance of Counsel Claim*

■ Petitioner claims that his attorney's failure to file a Rule 35 motion at his request violated his Sixth Amendment right to effective assistance of counsel.

The test enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), requires that a petitioner claiming that he was denied his Sixth Amendment right to effective assistance of counsel demonstrate both ineffective assistance and prejudice. *See id.* at 687, 104 S.Ct. at 2064; *accord, Kimmelman v. Morrison,* 477 U.S. 365, 383, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986). To establish ineffective assistance of counsel a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, *Strickland, supra,* 466 U.S. at 688, 104 S.Ct. at 2064, and "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Furthermore, the petitioner must also demonstrate prejudice, which requires that petitioner demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* 466 U.S. at 695–96, 104 S.Ct. at 2068–69.

In this case, petitioner has failed to demonstrate that counsel's decision not to file a Rule 35 motion departed from prevailing professional norms. This is especially true since counsel succeeded in getting additional pending charges dismissed because the sentence imposed was severe enough to persuade the government that there was no need for a trial of those charges. A Rule 35 motion would hardly have been consist-

---

4. Article III requires that a party who invokes the Court's authority "'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (quotations omitted).

5. The Sentencing Reform Act requires that the Parole Commission set release dates for all of the inmates incarcerated on the date prior to its abolition early enough to permit consideration of an appeal of that release date in accordance

with the Parole Commission's appeal procedures. *See* Sentencing Reform Act, Pub.L. 98–473, tit. II, § 235(b)(3), 98 Stat. 2032 (reprinted as note to 18 U.S.C. § 3551); *Stange v. U.S. Parole Comm.,* 875 F.2d 760, 761 (9th Cir.1989); *Lightsey v. Kastner,* 846 F.2d 329, 332 (5th Cir. 1988), *cert. denied,* 488 U.S. 1015, 109 S.Ct. 807, 102 L.Ed.2d 798 (1989); *Romano v. Luther,* 816 F.2d 832, 840 (2d Cir.1987). Indeed, this statute requires that a prisoner who will be incarcerated on October 31, 1992, the day before the Parole Commission is abolished, have a release date fixed by a time approximately at least three to six months before that date. *See Lightsey, supra,* 846 F.2d at 332 & n. 15 (quoting 28 C.F.R. § 2.64(b)).

ent with a reasonable, and indeed, effective, defense strategy designed to avoid the probability of additional incarceration on those charges.

Moreover, there were no grounds for such a motion and even now petitioner can allege only that the Court would have reduced his sentence because of his age and health if it had known that he was not receiving good time credits in prison because of his health. However, the Court at sentence considered all of these relevant factors, including petitioner's age and health, in fixing an appropriate sentence for him. Accordingly, there is no basis to believe that petitioner's sentence would have been reduced had such a motion been made.[6]

*Rule 32 Claim*

 Petitioner's final claim is that the Court violated Fed.R.Cr.P. 32(a)(1) because the Court did not address petitioner personally to ask whether he had read and understood the presentence investigation report. This claim is frivolous and must be rejected.

In *United States v. Cortez*, 841 F.2d 456, 460 (2d Cir.), *cert. denied*, 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988), the Second Circuit dismissed an identical claim by a prisoner who had pleaded guilty and explicitly rejected the Seventh Circuit's requirement that the Court directly ask the defendant whether he read and understood the presentence report. *Id.; compare United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir.1984). The Second Circuit concluded that "although such direct questioning would be desirable, 'the Rule d[oes] not ... create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report,'" thus leaving district courts free to infer or " 'somehow determine that the de-

fendant has had this opportunity.'" *Cortez,*. 841 F.2d at 460 (quoting *United States v. Mays*, 798 F.2d 78, 80 (3d Cir.1986)). Here, the petitioner's attorney stated at sentencing that he and his client had read and discussed the pre-sentence investigation report.[7] Moreover, Probation Department records also indicate that petitioner had had an opportunity to review the presentence report. *See* Affirmation of AUSA John M. McEnany at ¶ 3 & Ex. A (sworn to Aug. 14, 1989).

Thus, the Court had ample basis to conclude that the petitioner had reviewed the pre-sentence report. His Rule 32 claims are therefore dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court rejects petitioner's claims and the petition for collateral relief is dismissed. The Clerk of the Court is directed to close the case.

---

**6.** Petitioner relies upon *United States v. Golden*, 854 F.2d 31 (3d Cir.1988), where the Court held that failure to file a timely motion to reduce a sentence pursuant to Rule 35 constituted ineffective assistance of counsel on the facts presented there. However, that result turned upon the failure of the district court to state that it would have denied the motion on the merits had it been able to reach them and therefore the circuit court could not assume that the court would have done so. In this case, given the

circumstances referred to above, the Court can unequivocally state that a motion to reduce the sentence would have been denied.

**7.** Specifically, counsel stated:

"Judge, I have gone through the presentence report, I have spoken to the probation officer, I have spoken to my client at length and with members of his family" Sent. Tr. at 2.