**UNITED STATES of America, Appellee,**

**v.**

**Nestor Fernando MANRIQUE, A/K/A Freddy, Defendant, Appellant.**

**No. 91–1845.**

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1992.

Decided March 27, 1992.

Reemberto Díaz, with whom Díaz & Batista, P.A., Hialeah, Fla., and Mary Ellen Kelleher, Boston, Mass., were on brief, for appellant.

A. Clayton Spencer, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty. and Jeffrey A. Locke, Asst. U.S. Atty., Boston, Mass., were on brief, for appellee.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

TORRUELLA, Circuit Judge.

This is an appeal from a sentence issued by the District Court for the District of Massachusetts, on the ground that appellant's counsel was not provided an opportunity to properly review the Pre–Sentence Investigation Report prepared by the United States Department of Probation.

## FACTS

The appellant Néstor Fernando Manrique, along with eight co-defendants, was charged in two counts of an eleven count indictment with (1) conspiracy to possess cocaine with intent to distribute, and (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. Appellant waived his right to trial and entered a plea of guilty to an Information charging him with conspiracy to possess cocaine with intent to distribute. The plea agreement also provided that the government would recommend to the court a sentence of five years of incarceration, and a fine of $25,000. The court accepted the plea as agreed upon by the parties and ordered the Department of Probation to prepare a Pre–Sentence Investigation Report ("PSI").

The court sentenced appellant to ten years of incarceration and a fine of $75,-000.[1] At the sentencing hearing the court asked the appellant whether he had any statement to make prior to the imposition of sentence. However, the court did not ask the appellant whether he had had an opportunity to review the PSI prepared in his case, or if he had any comments to make in connection with the same. Rather,

the following exchange took place between appellant's counsel and the court:

Mr. Egbert: ... I would first indicate to you that, **with regard to the Presentence Report and the government's version therein,** the defendant virtually has adopted the government's version; and the fact that that makes clear is Mr. Manrique involved himself as, in essence, a courier for cocaine with regard to arrangements that had been made between Mr. DeFrances and Mr. Danilo Manrique.

Sentencing Hearing Transcript, pp. 2–3 (emphasis added). Appellant's counsel then addressed the court regarding appellant's new lifestyle, including his abandonment of a life of crime. The court next addressed appellant.

The Court: Mr. Manrique, do you want to make a statement in your own behalf before I decide on sentence?

Mr. Manrique: No, no, I don't want to make any statement.

*Id.* at 4. The court then sentenced Mr. Manrique to ten years of incarceration and imposed a fine of $75,000, following the recommendation of the PSI. Appellant's counsel contemporaneously objected as follows:

Mr. Egbert: I would like to state my objections on the record to the Court's sentence with regard to Mr. Manrique, to the manner in which it was imposed, and the Court's consideration of the matters which, apparently, were not made a part of a presentence disclosure to the defendant, **having particularly in mind the Court's reference to a ten-year recommendation in the Presentence Report, which was not made available to the defendant nor is it part of the disclosed report.**

*Id.* at 5 (emphasis added).

Appellant submits that the court committed error in not granting appellant an opportunity to review and comment on the Department of Probation's recommendation to the court regarding the proper sentence in the appellant's case.

---

1. Since the appellant's participation in the conspiracy occurred during the period of time from January, 1986 to March, 1987, the Federal Sentencing Guidelines did not apply to appellant's conspiracy conviction.

## LEGAL ANALYSIS

Appellant argues that Rule 32(a)(1) of the Federal Rules of Criminal Procedure requires that a district court inquire of the defendant and his counsel at the sentencing hearing whether or not they had an opportunity to review the PSI. Rule 32(a)(1) of the Federal Rules of Criminal Procedure reads as follows:

(a) **Sentence.**

(1) **Imposition of Sentence.** Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

(A) determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(A);

(B) afford counsel an opportunity to speak on behalf of the defendant; and

(C) address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.[2]

▮ Appellant suggests that in order to properly comply with Rule 32(a)(1), a district court must ask the defendant three specific questions: (1) whether the defendant had an opportunity to read the report; (2) whether the defendant and his counsel discussed the report; and (3) whether the defendant wishes to challenge the report. This was the conclusion reached by the Seventh Circuit in *United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir.1984).[3]

However, binding precedent in this circuit has directed that if it is abundantly clear from the sentencing hearing that both defendant and his counsel are familiar with the report, a new sentencing hearing will not be mandated, even if the court failed to directly inquire whether the defendant had an opportunity to review the report. *United States v. Serino*, 835 F.2d 924, 931 (1st Cir.1987). Five other circuits have concurred with the First Circuit on this issue. *See United States v. Cortez*, 841 F.2d 456, 460 (2d Cir.), *cert. denied*, 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988) (holding that it is not necessary for the district court to personally question the defendant as to whether he has read the PSI); *United States v. Mays*, 798 F.2d 78, 80 (3d Cir.1986) ("the court need only somehow determine that the defendant has had this opportunity") (emphasis on original).[4] *See also United States v. Victoria*, 877 F.2d 338, 340 (5th Cir.1989) (same); *United States v. Stevens*, 851 F.2d 140, 143–44 (6th Cir.1988) (same); *United States v. Aleman*, 832 F.2d 142, 144 (11th Cir.1987) (same). According to *Serino*, all that Rule 32(a)(1)(A) requires is that the court determine that the defendant and his counsel have had the opportunity to read and discuss the report. *Serino*, 835 F.2d at 931. We are confident that this standard sufficiently protects the rights of a defendant under Rule 32(a)(1) and we decline to adopt the rule established in *Rone*. We do believe, however, as does the Third Circuit,

that it is the better practice for trial courts to address the defendant directly in order to establish that he or she has had the opportunity to read the PSI and

---

**2.** The text of the rule cited here is as the rule read prior to amendment by Pub.L. 98–473, which took effect on November 1, 1987.

**3.** Appellant also cites supporting precedent from the Fourth Circuit in *United States v. Miller*, 849 F.2d 896, 898 (4th Cir.1988). In *Miller* the district court failed to inquire of the defendant and his counsel at the sentencing hearing if they had read the presentence report. However, in *Miller*, unlike here, there was no evidence in the record to support any contentions that the parties, particularly the defendant, had in fact read the report.

**4.** In *Mays*, the following statement was made by appellant's counsel at the sentencing hearing:

As I read the presentence report with the defendant, Your Honor, it accurately reflects what the Government says. It accurately reflects that [sic] the Defendant still says.

*Mays*, 798 F.2d at 80. In *Cortez*, the district court did not ask Cortez directly if he had had an opportunity to review the PSI. However, Cortez' counsel did urge the district court to disregard a statement in the PSI indicating that federal agents "consider [Cortez] a distributor of large amounts of cocaine." *Cortez*, 841 F.2d at 458.

to discuss it with his/her counsel. This simple practice will avoid unnecessary challenges and help ensure fairness in the sentencing procedure.

*Mays,* 798 F.2d at 80.

■ After reviewing the record, we conclude that the district court met the requirement of *Serino* in this case. Here, counsel made a specific reference to the report, clearly indicating that he read the report, and in fact concurred with what was stated therein. Specifically, counsel for the appellant said "... with regard to the Presentence Report and the government's version therein, the defendant virtually has adopted the government's version...." This statement shows not only that counsel for appellant had read the report, but indeed, that he had discussed the contents of the report with his client, and his client agreed to them completely. We thus find that the district court did not violate appellant's rights under Rule 32(a)(1).

■ Appellant further argues that he was wrongly denied access to the final sentencing recommendation of the Department of Probation contained in the PSI. Appellant's counsel's objection at the sentencing hearing to that specific portion of the report indicates that appellant was not made aware of the recommendation. However, according to Rule 32(c)(3)(A), the court was not compelled to disclose the recommendation of the report as to sentencing until the time of the sentencing hearing. Specifically, Rule 32(c)(3)(A) directs as follows:

(3) **Disclosure.**

(A) At a reasonable time before imposing sentence the court shall permit the defendant and the defendant's counsel to read the report of the presentence investigation **exclusive of any recommendation as to sentence ...**

(Emphasis added). Appellant is correct in stating that when a court relies on facts or factors not raised in the PSI when sentencing a defendant, notice of this reliance must be given to the defendant and counsel, so that they may have an opportunity to challenge the accuracy of the facts on which the court will base the sentence. *See United States v. Otero,* 868 F.2d 1412, 1415 (5th Cir.1989). However, this was not the case here. Appellant has made no showing that the district court in this case took into consideration any facts outside those related in the PSI for sentencing purposes. Rather, what is apparent here is that the final recommendation as to sentencing from the Department of Probation was not made known to the appellant until the time of the sentencing hearing. This was in clear accordance with Rule 32(c)(3)(A).

As the sentence issued by the district court was properly within the applicable statutory limits, and the procedure followed by the district court did not violate the Federal Rules of Criminal Procedure, the decision of the district court is,

*Affirmed.*