993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald William MORGAN, Defendant-Appellant.
 No. 92-1456.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 ORDER
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 Ronald William Morgan, a federal prisoner, appeals his conviction and sentence imposed by the district court following his guilty plea to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. Morgan's motion to dismiss appointed counsel and to proceed pro se was granted by this court on November 18, 1992. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Morgan and two co-defendants were named in a four-count superseding indictment which charged conspiracy to buy several kilograms of cocaine from a government agent for further distribution, aiding and abetting the attempted purchase of cocaine, and using a telephone to facilitate a drug trafficking offense. Morgan's trial was severed from that of his co-defendants because of scheduling difficulties. On the third day of Morgan's jury trial, after the government had finished presenting its case, Morgan changed his plea to guilty of count one. In return, the government agreed to dismiss the remaining counts, to recommend a 2-level decrease for acceptance of responsibility, and to recommend a 78-month cap on Morgan's prison sentence. The district court accepted Morgan's guilty plea on January 9, 1992. Morgan was sentenced on March 16, 1992, to 70 months imprisonment and four years supervised release. In addition, a $10,000 fine was imposed.
 
 
 3
 On appeal, Morgan raises two alleged errors by the district court: (1) failure to comply with Fed.R.Crim.P. 11(c)(1), and (2) failure to comply with Fed.R.Crim.P. 32(a)(1)(A) and 32(c)(3)(D). Specifically, Morgan argues that the district court did not advise him of the effects of supervised release before he pleaded guilty, and did not ascertain whether he was given the opportunity to read his presentence investigation report and therefore failed to make required findings regarding disputed matters.
 
 
 4
 Upon careful review, we affirm the district court's judgment because the district court's technical errors in not strictly complying with Rules 11 and 32 did not affect Morgan's substantial rights and are therefore harmless.
 
 
 5
 Rule 11(c)(1) requires that a district court explain, not only the fact that a term of supervised release may be imposed, but also the effect that such a term might have upon a total sentence. The reason for this is that violation of supervised release can result in greater incarceration time than the defendant's original sentence imposed. See United States v. Syal, 963 F.2d 900, 905 (6th Cir.1992); United States v. Tuangmaneeratmun, 925 F.2d 797, 803 (5th Cir.1991). However, because the district court informed Morgan that a supervised release term of up to five years could be imposed, the court's error in not explaining that term's effect does not require automatic vacation of the plea and remand for repleading, but is subject to harmless error analysis. The error is harmless if Morgan's substantial rights were not affected. See Fed.R.Crim.P. 11(h); Syal, 963 F.2d at 904.
 
 
 6
 We conclude that Morgan's substantial rights were not affected by the district court's technical error. The circumstances of Morgan's case are similar to those in Tuangmaneeratmun. Morgan was informed of the fact of supervised release at his plea proceeding. In addition, he had been informed as early as May 1991 and again at sentencing that if he went to trial he faced a maximum 40 year prison term on count one, not 78 months as he now asserts. Like Syal and Tuangmaneeratmun, Morgan's worst case scenario, if he were to violate supervised release on his last day of supervision, would still be substantially less than the forty year maximum term for the count to which he pleaded guilty. See also United States v. Saenz, 969 F.2d 294, 297 (7th Cir.1992) (if supervised release term plus prison term exceeds the maximum prison term of which the defendant was advised, the error is not harmless and reversal is necessary).
 
 
 7
 In addition, like Tuangmaneeratmun, Morgan received significant benefit by pleading guilty in that the government recommended dismissal of counts two and three, recommended a two-level reduction for acceptance of responsibility, and the district court sentenced him at the lower end of the guideline range because he " 'fessed up." It is extremely unlikely that knowledge of the specific effect of supervised release would have deterred Morgan from pleading guilty. Finally, we note that Morgan admitted his guilt both under oath in open court and in his brief on appeal. Under these circumstances, it is evident that no substantial rights of Morgan's were affected by the district court's failure to explain the effect of supervised release prior to accepting Morgan's guilty plea. Thus, the technical violation of Rule 11(c)(1) is harmless.
 
 
 8
 In addition, Morgan is not entitled to resentencing based upon a technical violation of either Fed.R.Crim.P. 32(a)(1)(A) or 32(c)(3)(D). This court has held that Rule 32 does not require the district court to affirmatively ask the defendant if he has read and discussed the presentence investigation report (PSI). Instead, the district court need only "somehow determine" that the defendant and counsel have had an opportunity to read and discuss the PSI. See United States v. Stevens, 851 F.2d 140, 143-44 (6th Cir.1988). Moreover, the district court may draw reasonable inferences about whether the defendant has had an opportunity to review the report and to discuss it with counsel. See United States v. Cortez, 841 F.2d 456, 460-61 (2d Cir.), cert. denied, 486 U.S. 1058 (1988). A defense attorney's specific references to the PSI at sentencing provide evidence that the defendant was given this opportunity. See United States v. Manrique, 959 F.2d 1155, 1157-58 (1st Cir.1992). The transcript of Morgan's sentencing proceeding establishes that the district court could reasonably infer that Morgan had read and discussed his PSI with counsel.
 
 
 9
 Moreover, because the record shows that the district court did not rely upon disputed information in fashioning its sentence, the district court substantially complied with Rule 32(c)(3)(D). See United States v. Mandell, 905 F.2d 970, 974 (6th Cir.1990). This court requires that a sentence be vacated for a violation of Rule 32(c)(3)(D) only where the defendant demonstrates that false information formed part of the basis for his sentence. See Stevens, 851 F.2d at 143. Morgan has failed to make such a showing.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.