UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher Leo MILLER,
Defendant–Appellant.

No. 87–6129.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1988.

Decided June 20, 1988.

Cheryl J. Sturm, for defendant-appellant.

Glenda G. Gordon, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief) for plaintiff-appellee.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and RAMSEY, United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Defendant Christopher L. Miller appeals from the district court's judgment and commitment order sentencing him to two concurrent six-year terms for two violations of federal drug laws. He contends the district court did not comply with Rule 32 of the Federal Rules of Criminal Procedure because the court failed to offer him an opportunity to address the district court directly during his sentencing hearing and failed to determine that he had already discussed the presentence investigation report with his counsel. We agree. We therefore vacate Miller's sentence and remand for resentencing in compliance with Fed.R.Crim.P. 32(a)(1).

## I.

Miller plead guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). At Miller's sentencing hearing, several witnesses testified in his behalf. Miller also took the stand on his own behalf. However, the district court did not personally address Miller during the sentencing hearing to offer him an opportunity to address the court directly. After sentencing, Miller requested correction and reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure on the grounds that the district court failed to determine if he and his counsel had discussed the presentence report, an omission which allegedly occurred, and because he was not afforded his right to allocution. The district court denied the motion, and denied Miller's motion for reconsideration, reasoning:

> You should be informed that there is no set form by which allocution can be had. In this case, Mr. Miller desired to be called as a witness instead of the Court asking him questions. This, under the law, suffices as allocution.

## II.

We think Fed.R.Crim.P. 32(a)(1)(C) requires more. *See United States v. Murphy,* 530 F.2d 1, 2 (4 Cir.1976) (per curiam) (sentencing court must address the defendant personally; counsel's examination of defendant is not sufficient). It is true, as the government notes, that Miller repeatedly made his feelings known to the district court and in fact wrote a personal letter to the district court. Despite the extensive nature of the sentencing hearing the district court conducted, we decline to depart from the clear language of Rule 32(a)(1)(C):

(a) Sentence.

Imposition of Sentence.... Before imposing sentence the court shall

. . . . .

(C) address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.

■ The Supreme Court has unambiguously cautioned trial judges that Rule 32 allocution procedures are to be complied with strictly:

> [T]o avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. *Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.*

*Green v. United States,* 365 U.S. 301, 304–05, 81 S.Ct. 653, 655–56, 5 L.Ed.2d 670 (1961) (emphasis added). *See also Ashe v. State of North Carolina,* 586 F.2d 334, 336–37 (4 Cir.1978) (defendant must be personally given opportunity to speak for a reasonable amount of time), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Murphy,* 530 F.2d at 2.

## III.

Rule 32 also provides that before sentence is imposed, the district court shall "determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report ... or summary thereof...." Rule 32(a)(1)(A). Miller alleges that he recalls reading the report but that he saw the report just before the sentencing hearing and did not have the opportunity to discuss the report with counsel. The district court did not expressly inquire as to whether Miller had discussed the report with counsel, and there is no evidence in the record from which one could reasonably infer that such a discussion took place.

■ Once again, we think that a bright-line approach is mandated by the clear language of Rule 32. The district court must, without exception, determine that a defend-

ant has had the opportunity to read and discuss the presentence investigation report with his counsel. Of course the simplest and most direct way for the district court to make this determination is simply to ask defendant, his lawyer, or both.

■ This is not to say that the district court must always expressly ask whether the report has been read and discussed. We recognize that often a statement by counsel or defendant will unequivocally demonstrate that the report has been read and discussed by them, or court records may allow the district court to infer that defendant and defense counsel signed out the report and discussed it together. *See United States v. Mays,* 798 F.2d 78, 80 (3 Cir.1986) ("the court need only *somehow* determine that the defendant has had this opportunity"). However, in the absence of information in the record from which the district court could determine that the report had been read and discussed, the district court cannot fulfill its duties under Rule 32(a)(1)(A) without inquiring as to whether defendant had the opportunity to read and discuss the presentence investigation report with defense counsel.[1]

### IV.

Miller contends that, should we decide to vacate his sentence, his case should be re-

manded for resentencing before a different district court judge. We disagree. The record before us does not reveal any evidence of impermissible bias on the part of the judge who presided in Miller's sentencing hearing.[2] We therefore vacate Miller's sentence and remand to the district court for resentencing.

REVERSED AND REMANDED.

---

1. Miller contends that the presentence investigation report contains an error as to the amount of cocaine which he distributed, and that as a result of that error, he is less likely to receive an early parole under the parole guidelines for distribution of cocaine. While Miller is not required to establish prejudice in order to secure his rights under Rule 32, we note that this is the sort of information which conceivably might have been presented to the district court for consideration, had Miller discussed the report with his counsel or had Miller had an opportunity to address the court personally.

The government represents that the Probation Office sent the defendant and his counsel a memorandum "several days" before the hearing stating that the report had been completed and was available for review. We note that in the future sentencing courts will be required to take affirmative steps to ensure that the defendant has ample opportunity to review the report. In a statutory provision which became effective November 1, 1987, after the district court's February 1987 sentencing, Congress has provided:

The court shall assure that a report filed pursuant to this section is disclosed to the defend-

ant, the counsel for defendant, and the attorney for the Government at least ten days prior to the date for sentencing, unless this minimum period is waived by the defendant. 18 U.S.C. § 3552(d). Section 3552 was adopted as part of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, c. II, § 212, 98 Stat. 1837, 1987, and its effective date was delayed until late 1987. See Pub.L. 98–473, Title II, §§ 212(a)(1), (2), 235(a)(1), Oct. 12, 1984, 98 Stat. 1987, 2031, as amended by Pub.L. 99–217, § 4, Dec. 26, 1985, 99 Stat. 1728 (the first day of the first calendar month beginning thirty-six months after Oct. 12, 1984).

2. Contrary to Miller's argument, the district court did not demonstrate bias from an extrajudicial source in denying Miller's motion to reconsider the district court's denial of his motion for correction and reduction in sentence. The district court merely stated: "In view of my denial of the request for reconsideration, it is obvious that the Court does not, in this case, intend to reduce Mr. Miller's sentence."