866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Ricky LOCKLEAR, Defendant-Appellant.
 No. 88-5032.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1988.
Decided: Jan. 26, 1989.
 
 Thomas Courtland Manning on brief for appellant.
 Margaret Currin, United States Attorney, J. Douglas Wilson, Attorney, Department of Justice, on brief for appellee.
 Before WIDENER, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roy Rickey Locklear appeals his conviction for distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). His counsel has filed a motion and brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which counsel requests permission to withdraw on the ground that there are no issues of arguable merit in this appeal. Locklear filed a pro se response to this motion. We deny counsel's motion to withdraw, affirm Locklear's conviction, and find no error in the sentence imposed.
 
 
 2
 At trial, Locklear admitted arranging the sale of cocaine to North Carolina SBI Agent Sweatt, but he claimed that he had been entrapped. On appeal, both Locklear and his attorney argue that the government failed to prove that he was not entrapped. They claim that the testimony of Agent Sweatt and government informant Gary Diall was less credible than that of Locklear. Implicit in this claim is a contention that Locklear's testimony, if believed, would have entitled him to a verdict of acquittal.
 
 
 3
 We disagree. First, credibility determinations are for the jury to make, and the jurors were entitled to believe Diall's and Sweatt's testimony rather than Locklear's. Pigford v. United States, 518 F.2d 831 (4th Cir.1975). Second, a reasonable jury could have believed Locklear's testimony but concluded that he was not entrapped because he was predisposed to commit the crime. United States v. Hunt, 749 F.2d 1078 (4th Cir.1984), cert. denied, 472 U.S. 1018 (1985). A jury could have found that Locklear was predisposed because of his previous convictions for possession of cocaine with intent to distribute it and for manufacturing marijuana, and because it was not very difficult for Diall to persuade him to arrange the sale.
 
 
 4
 Locklear also argues that the district judge erred in leaving the bench during closing argument to work on jury instructions. While it is unclear from the record whether the district judge in fact left the bench, we find that his departure, if it occurred, was harmless error. United States v. Pfingst, 477 F.2d 177, 195-97 (2d Cir.), cert. denied, 412 U.S. 941 (1973); Heflin v. United States, 125 F.2d 700 (5th Cir.), cert. denied, 316 U.S. 687 (1942).
 
 
 5
 Locklear also claims that the district court erred in admitting hearsay testimony by Agent Sweatt that he had targeted Locklear because of information from other SBI agents that Locklear was a drug dealer. This evidence was not hearsay, however, for it was admitted to show the reason for Sweatt's investigation and not to establish that Locklear was in fact a drug dealer at the time of the investigation. United States v. Love, 767 F.2d 1052, 1063-64 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986). While the evidence arguably should have been excluded under Fed.R.Evid. 403 because its probative value was outweighed by its prejudicial effect, see United States v. Webster, 649 F.2d 346, 351 (5th Cir.1981) (en banc), we find that its admission was at most harmless error because of the strength of the government's case against Locklear.
 
 
 6
 Locklear argues that his attorney rendered ineffective assistance of counsel during the trial and the sentencing hearing. We decline to review Locklear's assertion that his attorney was ineffective at trial because it is based on facts outside the record. See United States v. Mandello, 426 F.2d 1021 (4th Cir.1970). Locklear may raise this claim through a 28 U.S.C. Sec. 2255 motion if he so desires.
 
 
 7
 Finally, both Locklear and his attorney challenge his 30-year prison sentence as disproportionate. In addition, Locklear challenges the procedures by which the sentence was imposed, contending the district court did not comply with Fed.R.Crim.P. 32(c)(1)(A) because he did not ask whether Locklear had an adequate opportunity to read and discuss the presentence report with his attorney. We find no merit in these contentions. The sentence of thirty years imprisonment imposed, although severe, was within statutory guidelines and thus presumptively valid. A proportionality review of any sentence less than life imprisonment without possibility of parole is not required. United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985), cert. denied, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986).
 
 
 8
 Similarly, we reject appellant's challenge to his sentencing based upon the presentence report. Fed.R.Crim.P. 32(c)(1)(A) unquestionably requires that a criminal defendant and defendant's counsel be given "the opportunity to read and discuss the presentence investigation report." Moreover, the district court has an affirmative duty to insure that Rule 32 has been followed. United States v. Miller, 849 F.2d 896 (4th Cir.1988). That duty does not, however, require the district court to expressly inquire whether the report has been read and discussed. The court's responsibility is satisfied by a statement of counsel or defendant from which it can be inferred that the report has been examined. Miller, 849 F.2d at 898.
 
 
 9
 In the present case, Locklear's counsel objected in open court at the sentencing hearing to a provision in the presentencing report that described appellant as an "enforcer." Certainly the district court was entitled to conclude from this factual objection that counsel had, indeed, discussed the report with his client. We, therefore, see no reason to assume that Rule 32 was not followed in this case.
 
 
 10
 Accordingly, the conviction and sentencing of appellant is affirmed in all respects. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this Court. Oral argument would not, therefore, significantly aid the decisional process.
 
 
 11
 AFFIRMED.