894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karl Robert BYERS, Jr., Defendant-Appellant.
 No. 88-6842.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Dec. 14, 1989.
 
 Marvin Herbert Schein, for appellant.
 Robert Hayden Bickerton, Assistant United States Attorney (E. Bart Daniel, United States Attorney, on brief), for appellee.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Karl Robert Byers, Jr., defendant, appeals the district court's denial of his request to vacate sentence under 28 U.S.C. Sec. 2255. Byers complains of the court's improper acceptance of his guilty plea and its failure to comply with the requirements of Rule 32 of the Federal Rules of Criminal Procedure. Finding that the district court properly conducted a full Rule 11 inquiry before accepting the defendant's guilty plea and fully complied with Rule 32, we affirm.
 
 
 2
 * On February 3, 1984, Byers entered guilty pleas to all nine counts of the indictment pending against him. Before accepting the pleas, the district judge conducted a detailed inquiry under Rule 11 of the Federal Rules of Criminal Procedure. That inquiry is fully reported in the record on appeal beginning on page 006 of the Supplemental Appendix. The inquiry was further augmented before sentencing as reported in the Supplemental Appendix, pages 041 and 043. In the following synopsis of the trial proceedings, the page numbers of the Supplemental Appendix are cited in parentheses.
 
 
 3
 The Rule 11 questioning was conducted with the defendant under oath (006). It was developed that the defendant was guaranteed representation by counsel (008); defendant's age was established (011); he was a high school graduate (011); he had had no drugs or alcohol for 24 hours (011); he understood the proceedings (012); he had had ample discussions of his case with his attorneys (012); he knew he was entitled to a jury trial if he persisted in his plea of not guilty (013); he understood he would be presumed innocent (013); the government would have to prove his guilt by competent evidence beyond all reasonable doubt (013); all witnesses against him would have to appear in court before him and testify in his presence (013); his attorney could object to evidence of the government (013); his attorneys could cross-examine government witnesses (013); he could testify or not testify, with no inference of guilt if he did not testify (013); if the guilty pleas were accepted defendant would waive some rights enumerated above (014); on a guilty plea he would waive his Fifth Amendment right not to incriminate himself if the court chose to question him about the charged to which he pleaded guilty (014); he was entitled to formal arraignment (015); each separate count was individually explained by the judge (015-019); defendant stated that he understood each count (020); the government must prove each charge by competent evidence beyond a reasonable doubt (020); the government would have to prove specific intent (020); the maximum penalty on each count was explained to defendant (021-023); the minimum sentence under Count 9 was 10 years (024); special parole term was defined (024); defendant stated he had not been threatened to enter a plea (024); defendant denied any promises about his sentence (025); defendant specifically admitted guilt as to each count individually (025); the evidence was summarized by the government (025-034); and, before sentencing, defendant denied any psychiatric history (040).
 
 
 4
 Byers was sentenced on April 17, 1984. The court discussed the presentence report with Byers and his counsel and asked if there were any inaccuracies. The court heard the statements of Byers and his mother, argument of counsel, and then sentenced Byers. Forfeitures related to the enterprise were ordered. The court stated that Counts 1 through 8 merged into Count 9 (the continuing criminal enterprise count).
 
 
 5
 Three years later, Byers filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, alleging violations of Rules 11 and 32 of the Federal Rules of Criminal Procedure, which Judge Hawkins denied.
 
 II
 
 6
 On Byers' first claim, that the district court failed to comply with the requirements of Rule 11(c), we conclude that the district court satisfied all requirements of Rule 11(c) as per the contents of that inquiry detailed herein. Byers' appellate contentions regarding the Rule 11 hearing are in conflict with the record on appeal.
 
 
 7
 As noted in United States v. Reckmeyer, 786 F.2d 1216 (4th Cir.1986), "[t]he purpose of the Rule 11 requirement 'is to assure that the accused be not misled as to the nature of the offense with which he stands charged. There is no simple or mechanical rule as to how the court is to determine defendant's understanding of the charge.' " Id. at 1221 (citing 1 C. Wright, Federal Practice and Procedure, Crim.2d Sec. 173, at 587 at nn. 7-8 (1982)).
 
 
 8
 Based on this rationale, we find that Byers had a complete understanding of all of the charges, the range of possible sentences, and he was advised by the court of every Rule 11 requirement. This Rule 11 hearing was exhaustive and totally sufficient. The challenge thereto is DENIED.
 
 III
 
 9
 Regarding the sentencing hearing, Byers contends that he was denied the opportunity to make a statement and also that the court failed to verify that he had an opportunity to review the presentence report and discuss it with counsel, all charged to be in violation of Rule 32 of the Federal Rules of Criminal Procedure. Again, his appellate contentions are in direct conflict with the record.
 
 
 10
 Rule 32 requires the court to "address the defendant personally and ask him if he wishes to make a statement in his own behalf...." Fed.R.Crim.P. 32(a)(1)(C). Although Byers asserts that the court did not allow him to make a statement, the transcript from the sentencing hearing contains the court's invitation to him for any statement and the statement he made in response to that invitation. Supp.App. 045-050.
 
 
 11
 Rule 32 additionally states that the court shall "determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report...." Fed.R.Crim.P. 32(a)(1)(A). Contrary to the assertions of Byers, he was provided an opportunity to read the report and discuss it with counsel. The record is replete with counsel's references to contents of the presentence report and Byers' observation to his counsel about the contents. There must appear some evidence in the record from which the court could reasonably infer that a discussion with the defendant took place. United States v. Miller, 849 F.2d 896, 897 (4th Cir.1988). That is abundantly evident here.
 
 
 12
 Based on Byers' own statement to the court at the sentencing hearing and his counsel's numerous references to the presentence report during the hearing, we conclude that the district court properly complied with Rule 32. Therefore, the judgment of the district court is
 
 
 13
 AFFIRMED.