912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Eric WINTERSTEIN, Defendant-Appellant.
 No. 89-7242.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1990.
Decided Aug. 31, 1990.
As Amended Sept. 19, 1990.
 
 Cheryl J. Sturm, West Chester, Pa., for appellant.
 Breckinridge L. Willcox, United States Attorney, Glenda G. Gordon, Assistant United States Attorney, Baltimore, Md., for appellee.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Eric Winterstein appeals the district court's order of November 27, 1989, denying defendant's Fed.R.Crim.P. 35(a) and 35(b) motion for reduction and correction of sentence. Winterstein contends that the district court erred (1) in failing to inquire pursuant to Fed.R.Crim.P. 32(a)(1)(A) and 32(c)(3)(A) whether the defendant had any comments or objections to the presentence report;[1] (2) in failing to recognize a Rule 32 violation under Rule 35;[2] and (3) in failing to append its factual findings to the presentence report made available to the Bureau of Prisons or the United States Parole Commission. We remand to the district court for compliance with the appending requirements of Rule 32(c)(3)(D) and, in all other respects, the district court is affirmed.
 
 I.
 
 2
 Winterstein was charged in a four-count indictment with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 (Count 1) and three counts of filing false and fraudulent tax returns in violation of 26 U.S.C. Sec. 7206(1) (Counts 2 through 4) for the years 1984-86. No amount of cocaine was specified in Count 1. On October 28, 1988, Winterstein pled not guilty to all four counts. On December 29, 1988, Winterstein was rearraigned and pled guilty to Counts 1 and 3 and not guilty to Counts 2 and 4.
 
 
 3
 The district court, in conjunction with Winterstein's sentencing hearing, held an evidentiary hearing on the issue of the amount of cocaine involved in Count 1 of the indictment. At that hearing, the district court engaged in the following colloquy with Mr. Dunn, counsel for the defendant, regarding the presentence investigation report:
 
 
 4
 MR. DUNN: Stephen Dunn, Your Honor.
 
 
 5
 THE COURT: I know. Now, Mr. Dunn, have you read the presentence report:
 
 
 6
 MR. DUNN: Oh, yes, Your Honor, twice, Your Honor.
 
 
 7
 THE COURT: Have you gone over it with your client?
 
 
 8
 MR. DUNN: Yes, Your Honor, my client has witnessed it and he's read it.
 
 
 9
 THE COURT: How long have you--how much time have you spent going over it with your counsel?
 
 
 10
 MR. DUNN: With my client, Your Honor?
 
 
 11
 THE COURT: Yes, with your client. I'm sorry.
 
 
 12
 MR. DUNN: Yes. Approximately--
 
 
 13
 THE COURT: It's been a long day. I'm sorry.
 
 
 14
 MR. DUNN: Yes, I realize that, Your Honor. Approximately two hours maybe, its been several months ago, two, two and a half hours, something like that. We went through it in pretty good detail.
 
 
 15
 THE COURT: Is that right, Mr. Dunn?
 
 
 16
 THE DEFENDANT: Yes, Your Honor.
 
 
 17
 MS. GORDON: Mr. Winterstein, Your Honor.
 
 
 18
 THE COURT: Mr. Winterstein, is that right?
 
 
 19
 THE DEFENDANT: Yes, sir.
 
 
 20
 THE COURT: And have you been over--Mr. Dunn, are there any corrections, additions, amplifications that are needed in the report itself?
 
 
 21
 [Discussion ensued regarding supplementation of the presentence report with details on the sentencing of a co-defendant, Mr. Hogan]
 
 
 22
 THE COURT: All right, anything else you want by way of supplement, addition, amplification or the like--
 
 
 23
 MR. DUNN: No, Your Honor.
 
 
 24
 THE COURT: --from your point of view, Mr. Dunn?
 
 
 25
 MR. DUNN: No, Your Honor.
 
 
 26
 MS. GORDON: Your Honor--
 
 
 27
 THE COURT: Just a second, Ms. Gordon. I'll come to you. Anything else by way of supplementation, amplification, correction or the like, Mr. Winterstein?
 
 
 28
 THE DEFENDANT: No, sir.
 
 
 29
 Subsequent to this dialogue, Winterstein requested a copy of the presentence investigation report which was provided by the probation officer at the direction of the district court. The record reflects that the defendant and defense counsel read the report in open court. After the defendant and defense counsel had re-examined the presentence investigation report, the district court inquired "Are you ready to go ahead, Mr. Dunn?" to which Mr. Dunn replied "Yes, Your Honor." The court then asked the defendant "Did you see what you wanted to see, Mr. Winterstein?" and the defendant responded "Yes, sir."
 
 
 30
 Following this exchange, the government called Claudio Villoch, Winterstein's "supplier," who testified as to the approximate amounts delivered to Winterstein during the period of the conspiracy (between 1982 and 1986) alleged in Count 1. The district court, following the examination of Villoch, found his testimony credible, ruled that 17 kilograms were involved, and sentenced Winterstein to an eight-year term of imprisonment on the conspiracy to distribute cocaine charge, followed by a five-year probationary period for the tax violation (Count 3).[3]
 
 
 31
 On August 4, 1989, the defendant timely filed a Motion for Reduction of Sentence and for Correction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Following full briefing, the district court denied Winterstein's motion. This timely appeal followed.
 
 II.
 
 32
 Rule 32(a)(1)(A) mandates that, prior to imposing sentence, "the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A)...." Rule 32(c)(3)(A) mandates that the presentence investigation report be provided to the defendant and defendant's counsel "[a]t least 10 days before imposing sentence." It also provides that "[t]he court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."
 
 
 33
 Defendant argues that the district court's failure to specifically inquire about any factual corrections, additions, deletions, and so forth, following the defendant and defense counsel's second in-court reading of the presentence report, constitutes a violation of Rules 32(a)(1)(A) and 32(c)(3)(A) and, therefore, a violation of Winterstein's due process rights.
 
 
 34
 Rule 32(c)(3)(A) requires only that the defendant and defense counsel be given a copy of the presentence investigation report and that they be afforded an opportunity to comment thereon. This rule does not translate into a per se requirement that the district court employ the use of any specific language in providing this opportunity. There is no talismanic approach mandated by Rule 32, and defendant has not cited to any opinions in which courts have so held.
 
 
 35
 Appellant cites to United States v. Miller, 849 F.2d 896 (4th Cir.1988), in support of the proposition that resentencing is an appropriate remedy when there is no evidence in the record which supports the inference that the defendant and defense counsel had read and discussed the presentence investigation report. However, defendant ignores the importance of the initial opportunity afforded the defendant and defense counsel to read and discuss the factual contents of the presentence investigation report. This initial reading of the presentence report, albeit two months prior to sentencing, certainly comports with the letter and the spirit of Rule 32. Therefore, Miller is clearly distinguishable on its facts as the district court in the instant case inquired, and the defendant and defense counsel acknowledged, that the report had been read and discussed.[4] The district court also noted that the presentence report had been available to the defendant at all times prior to the hearing, and even allowed Winterstein and his counsel to re-read the report at the sentencing hearing.
 
 III.
 
 36
 Defendant's next contention, that a Rule 32 violation is cognizable under Rule 35, is left moot by our conclusion, supra, that no Rule 32 violation has occurred.
 
 IV.
 
 37
 Defendant's final contention--that Rule 32(c)(3)(D) requires the district court to append to the presentence report its findings on the factual accuracy of challenged portions of the pre-sentence report--is correct.[5] Some record of the district court's findings is required to be appended to the presentence report pursuant to Rule 32(c)(3)(D). United States v. Miller, 871 F.2d 488, 489 (4th Cir.1989); United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986) (Appending requirement "reduces the likelihood of later decisions being made on the basis of improper information" by providing "a clear record of the disposition and resolution of controverted facts in the presentence report."). While the government has volunteered to undertake responsibility for correction of this oversight, we believe it is solely within the authority and responsibility of the district court to comply, or oversee compliance, with the provisions of Rule 32(c)(3)(D). See United States v. Hill, 766 F.2d 856, 859 (4th Cir.), cert. denied, 474 U.S. 923 (1985) (held the appending of the transcript of the sentencing proceedings is sufficient to comply with Rule 32(c)(3)(D)). We therefore remand only this portion of the case to the district court for compliance with the appending requirement of Rule 32(c)(3)(D).
 
 V.
 
 38
 We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and oral argument would not aid in the decisional process.
 
 
 39
 The case is remanded to the district court only as to the matter discussed in Part IV of this opinion. In all other respects, the district court is affirmed.
 
 
 40
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 [1]
 A necessary corollary to this first issue is appellant's assertion that because the district court erred in carrying out Rule 32(a)(1)(A) and 32(c)(3)(A), appellant should now be entitled to challenge certain factual matters contained in the presentence report
 
 
 [2]
 Because the conspiracy in question was completed prior to November 1, 1987, the applicable Rule 35 language is as follows:
 (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 
 
 [3]
 As the offenses in question were completed prior to November 1, 1987, the United States Sentencing Guidelines are not implicated here
 
 
 [4]
 Defendant's argument that defense counsel was unprepared, "perhaps because of the passage of time," to comment effectively on the accuracy of the information contained in the presentence report in no way supports the contention that a Rule 32 violation has resulted. We are unwilling to equate defense counsel's unpreparedness with a Rule 32 violation
 
 
 [5]
 The factual corrections which require appending include, most importantly, the district court's finding that Winterstein's participation in the conspiracy involved 17 kilograms of cocaine as opposed to the 48 kilograms noted in the presentence investigation report