993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel Thomas LAWSON, Defendant-Appellant.
 No. 91-5367.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 15, 1993
Decided: May 4, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-91-50-1-WS)
 David F. Tamer, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Thomas Lawson was convicted by a jury of possession with intent to distribute marijuana (21 U.S.C.A.s 841 (West 1981 & Supp. 1991)) (Count One), carrying and using a firearm in a drug trafficking crime (18 U.S.C.A. § 924(c)(1) (West 1976 & Supp. 1991)) (Count Two), and assaulting or resisting a federal officer in the performance of his duties (18 U.S.C.A. § 111 (West 1969 & Supp. 1991) (Count Three). He contends on appeal that the evidence was insufficient to support a conviction on Counts One and Two, and that in sentencing him the district court erroneously increased his offense level for obstruction of justice because of his testimony at trial. Lawson also seeks to proceed pro se and has submitted a supplemental brief and appendix raising additional issues. His attorney has requested permission to withdraw.
 
 
 2
 We grant Lawson leave to file the supplemental brief and appendix, but deny permission to proceed in forma pauperis and deny defense counsel leave to withdraw. As discussed below, after consideration of all the issues raised, we affirm Lawson's convictions, but vacate his sentence and remand for resentencing.
 
 
 3
 At Lawson's trial, the government's evidence showed that he was arrested during a search by state and federal authorities of the rural residence and premises of his employer, Adam Blalock, who was out of town. The property was protected by a security system which included cameras and monitors at several locations, as well as motion-sensitive lighting. The officers found seven guns, $35,000 in cash, an electric money counter, and ten bales of marijuana (238.63 pounds) in their search of Blalock's house, cars, and outbuildings. In a large garage, they also found a trailer truck with a refrigeration unit which was used in Blalock's produce business and was in the process of being modified to add a secret compartment. Lawson was in a locked office which was part of the large garage. An agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF) testified at trial that he shouted loudly, "Police officer, search warrant," before kicking in the door of the office and again as he entered the room, where he saw Lawson sitting with a shotgun pointed at him. Lawson was shot several times by the agent, who later learned that Lawson's gun was unloaded, although there were shells on a table within his reach.
 
 
 4
 While he was recovering at a hospital, Lawson gave a statement to another ATF agent in which he said he had worked for Blalock since 1986, and in recent years had been mainly occupied with modifying trailers to create secret compartments. He said he knew Blalock was smuggling something, and realized it was marijuana after he saw marijuana residue in the trailer compartments. He said Blalock had sometimes asked him to place wrapped and taped packages which he believed to contain money in the compartments, and that Blalock's daughter unloaded the trailers out of his sight when they arrived. He said that Blalock had bought the trailer business where he previously worked for $20,000 in cash and had once given him $10,000 in cash when he needed money. He also said he had at some time seen Blalock with close to a million dollars in cash, and that Blalock had asked Lawson to stay on his property during the night while he was away.
 
 
 5
 On this evidence, Lawson's Fed. R. Crim. P. 29 motion for acquittal made at the close of the government's evidence was properly denied. A defendant may violate § 841 by either actual or constructive possession. United States v. Zandi, 769 F.2d 229, 234 (4th Cir. 1985). The evidence, viewed in a light favorable to the government, see United States v. Tresvant, 618 F.2d 1018 (4th Cir. 1982), showed that Lawson was an active participant in the drug smuggling activities of Blalock. He knew that illegal drugs were being transported in the trailers and he continued to work on those trailers after he discovered their purpose. In fact, he was modifying a trailer in the time frame in which the officers executed their search.* Moreover, the evidence shows that Lawson had access to the other buildings in which the marijuana was discovered. Therefore, we find that the evidence was sufficient to show that Lawson exercised, or had the power to exercise, dominion and control over the marijuana. United States v. Laughman, 618 F.2d 1067, cert. denied, 447 U.S. 925 (1980). Therefore, the evidence was also sufficient to convict Lawson of possessing the shotgun in connection with a drug offense. United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). cert. denied, 59 U.S.L.W. 3769 (U.S. 1991).
 
 
 6
 Lawson's trial testimony differed from his prior statement to the ATF agent. He denied having any knowledge or suspicion that the Blalocks were involved in illegal activity. After the jury's verdict, while considering whether to detain Lawson immediately or allow him to remain free on bond to undergo an operation, the district court remarked that the jury had in effect found him guilty of perjury. Based on this comment, the probation officer recommended an adjustment for obstruction of justice, to which Lawson objected. At the sentencing hearing, without making a distinct finding that Lawson had committed perjury, the district court simply found the adjustment to be appropriate.
 
 
 7
 The Supreme Court recently held in United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993), that an enhancement for obstruction of justice based on the defendant's untruthful trial testimony may be given if the district court reviews the evidence and makes an independent finding that the defendant committed perjury, rather than testifying untruthfully due to confusion, mistake, or faulty memory. In light of the decision in Dunnigan, we vacate Lawson's sentence and remand for resentencing. On remand, the district court should reconsider the obstruction of justice adjustment and make the necessary findings if the adjustment is warranted.
 
 
 8
 In his supplemental brief, Lawson raises numerous claims of ineffective assistance of counsel. Such claims are not considered on direct appeal unless ineffectiveness conclusively appears from the face of the record. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Our review of the record discloses that this is not such a case.
 
 
 9
 Lawson also alleges that improper remarks by the prosecutor infected his trial. The government attorney did incorrectly state in his opening statement that bales of marijuana were found in the large garage where Lawson was sleeping. However, this mistake was corrected before the first witness was presented. Lawson does not identify any other action or statement by the prosecutor which appears improper, and this one remark, which was corrected, does not amount to prosecutorial misconduct. See United States v. Harrison, 716 F.2d 1050 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984).
 
 
 10
 Finally, we perceive no violation of Fed. R. Crim. P. 32 in Lawson's sentencing. Lawson alleges that his attorney did not review the presentence report with him, and that the district court did not inquire of him personally whether he had reviewed the report and whether he had any changes to suggest in it. Rule 32(a)(1)(A) requires the sentencing court to determine whether the defendant and his attorney have had the opportunity to read and discuss the presentence report. Rule 32(a)(1)(C) requires the court to address the defendant personally and determine whether he wishes to make a statement or present any mitigating information.
 
 
 11
 Both provisions were complied with at Lawson's sentencing. Defense counsel filed objections to the presentence report, making it obvious to the court that the presentence report had been disclosed to counsel. The district court also noted that Lawson had been at large since his conviction for medical treatment and thus, he and his attorney had the opportunity to review the report, which is all that is required by Rule 32. United States v. Miller, 849 F.2d 896 (4th Cir. 1988). Before imposing sentence, the court personally asked Lawson whether he wished to speak, and Lawson deferred to his attorney.
 
 
 12
 For the reasons discussed, we grant Lawson's motion to file a supplemental brief and to supplement the record on appeal. We deny his motion to proceed in forma pauperis and we deny his attorney's motion to withdraw. Lawson's convictions are affirmed; his sentence is vacated and remanded for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING
 
 
 
 *
 This active participation in the drug smuggling activities of Blalock makes Lawson much more than the mere house guests in United States v. Vasquez-Chan, 978 F.2d 546 (9th Cir. 1992)