7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Albert THOMAS, Defendant-Appellant.
 No. 91-5904.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 19, 1993.
Decided: September 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Gary A. Ticknor, for Appellant.
 Richard D. Bennett, United States Attorney, Brent J. Gurney, Assistant United States Attorney, for Appellee.
 D.Md.
 VACATED AND REMANDED
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Gregory Albert Thomas pleaded guilty to distributing in excess of five grams of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). At the sentencing hearing, Thomas testified regarding his participation in the underlying conspiracy. The district court found that two of Thomas's coconspirators' drug transactions were foreseeable to Thomas and, therefore, included these in arriving at Thomas's base offense level (thirty). Although Thomas testified on the issue of withdrawal from the conspiracy, the court failed to offer him the opportunity to allocute prior to sentencing. Thomas appeals, contending that this was error and that, upon remand, he should be re-sentenced by a different judge.*
 
 
 2
 The district court must provide a criminal defendant with the opportunity to address the court directly prior to sentencing. United States v. Miller, 849 F.2d 896 (4th Cir. 1988); Fed. R. Crim. P. 32(a)(1)(C). Failure to do so requires that the sentence be vacated and the case remanded for resentencing. Id. The Government concedes that a remand for allocution is required in this case.
 
 
 3
 However, the Government opposes remanding the case to a different judge. Thomas argues that "a new sentencing judge should be appointed in the public interest, and for the judge's sake and for the appearance of justice." (Brief of Appellant, p. 13). Thomas does not allege bias on the part of the district court judge. Rather, he contends that under the three-part test adopted by this Court in United States v. Guglielmi, 929 F.2d 1001 (4th Cir. 1991), he is entitled to a remand to a new judge. The elements of that test are:
 
 
 4
 (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected,
 
 
 5
 (2) whether reassignment is advisable to preserve the appearance of justice, and
 
 
 6
 (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
 
 
 7
 Id. at 1007 (quoting United States v. Robin, 553 F.2d 8, 10 (2d. Cir. 1977).
 
 
 8
 Thomas argues that part one is met because the district court was misled by what he characterizes as "misstatements" in the Government's sentencing memorandum. However, there has been no determination that the judge's views or findings were erroneous or based on evidence that must be rejected. It is possible that the allocution will persuade the judge to impose a different sentence. In any event, our review of the transcript of Thomas's sentencing hearing reveals that neither of the "misstatements" referred to by Thomas had any bearing on the judge's decision.
 
 VACATED AND REMANDED
 
 
 *
 We previously granted the parties' motion to submit this case on the briefs without oral argument