16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles Dwight COLEMAN, Defendant-Appellant.
 No. 93-5335.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 23, 1993.
Decided Feb. 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-91-66-3).
 H. Gerald Beaver, Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.C., Fayetteville, NC, for appellant.
 James R. Dedrick, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, NC, for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Dwight Coleman entered a guilty plea to one count of unauthorized use of an access device in violation of 18 U.S.C.A. Secs. 1029(a)(2), 2 (West 1969 & Supp.1993). The district court imposed a sentence of forty-six months, departing upward from the guideline range because of Coleman's extensive criminal history pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3 (Nov.1992). Coleman appeals his sentence, contending that the district court erred in not explaining how it determined the extent of the departure, in not giving him an opportunity to address the court before sentence was imposed, and in failing to make necessary findings before ordering restitution. For the reasons explained below, we vacate Coleman's sentence and remand for resentencing.
 
 
 2
 Coleman's plea agreement provided that he would make restitution in whatever amount the court ordered, and he said he understood this provision when he was questioned about it during the Fed.R.Crim.P. 11 hearing. However, information in the presentence report showed that Coleman had no income, no assets, owed $2280, and would not be able to pay a fine. The probation officer noted that restitution could be ordered in the amount of loss, $6,844.72, but did not make a recommendation concerning payment.
 
 
 3
 Coleman personally addressed the court at the beginning of the sentencing hearing to express his disagreement with the recommended amount of loss and the enhancement for more than minimal planning. He did not offer any evidence to support his objections, and the district court adopted the probation officer's recommendations. The district court found that criminal history category VI did not adequately represent Coleman's long history of criminal conduct--he had forty-two criminal history points--and decided to depart. The court disregarded Coleman's worthless check convictions, which left a total of thirty-nine criminal history points. The court then increased the offense level to sixteen, resulting in a guideline range of 46-57 months. The court immediately imposed sentence, including full restitution, but found that Coleman lacked the ability to pay a fine.
 
 
 4
 Coleman contests the extent of the departure. The procedure to be followed when the sentencing court finds criminal history category VI inadequate is set out in United States v. Cash, 983 F.2d 558, 561 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993). The court may use increased offense levels; however, the proper approach is to explain the inadequacy of each succeeding category (or offense level) before moving to the next. Cash, 983 F.2d at 561 n. 7 (citing United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992)). Because the district court failed to follow this procedure, appellate review of the reasonableness of the departure is hampered, and resentencing is necessary.
 
 
 5
 The court also erred in not offering Coleman the opportunity to make a statement just before sentence was imposed and to present any evidence he could in mitigation of sentence as required by Fed.R.Crim.P. 32(a)(1)(C). See United States v. Miller, 849 F.2d 896, 897 (4th Cir.1988).
 
 
 6
 Finally, the court failed to make the requisite explicit factual findings concerning the amount owed and the financial resources, needs, and earning ability of the defendant. 18 U.S.C.A.Sec. 3664(a) (West Supp.1993); United States v. Bruchey, 810 F.2d 456, 459 (4th Cir.1987). A defendant's expressed willingness to make restitution does not absolve the court of the duty to make these findings. Bruchey, 810 F.2d at 49.* Although the district court adopted the factual findings in the presentence report, the requirements of Bruchey are not satisfied by this procedure when, as is the case here, the presentence report contains inadequate findings. United States v. Molen, --- F.3d ----, No. 92-5788, slip op. at 4 (4th Cir. Nov. 9, 1993).
 
 
 7
 The judgment of the district court is therefore vacated, and the case is remanded for resentencing to allow the district court to comply with the requirements of Cash, Bruchey, and Rule 32(a)(1)(C). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 SENTENCE VACATED AND REMANDED
 
 
 *
 Although Coleman did not object in the district court to the restitution order, the argument is not forfeited, because the statute compels the district court to consider the defendant's ability to make restitution and to make the required findings even if the defendant does not raise the issue