19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight SPEARS, a/k/a Whitey, Defendant-Appellant.
 No. 93-5331.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1994.
Decided March 29, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte, Robert D. Potter, District Judge. (CR-92-53-3-P)
 Troy J. Stafford, DEVORE & ACTON, P.A., Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dwight Spears was convicted by a jury of conspiracy to possess cocaine with intent to distribute and to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1993). He appeals his conviction and sentence, contending that the district court abused its discretion in admitting tapes and allowing the use of transcripts of recorded telephone conversations, violated Fed.R.Crim.P. 32 in denying him a continuance of his sentencing hearing, and clearly erred in finding him a leader in the offense. He also claims that he received ineffective assistance of counsel during sentencing. We affirm the conviction and sentence.
 
 
 2
 Spears was one of twenty-one defendants charged with participation in the conspiracy. Co-defendants Jeffrey Lark and James Alexander were charged with conducting a continuing criminal enterprise. Lark and Alexander set up dummy businesses in Charlotte, North Carolina, which were fronts for cocaine distribution. Lark, who was from New Jersey, was the source of the cocaine. Spears, also from New Jersey, was his right-hand man. According to Alexander, who testified at Spears' trial, by late 1991 and early 1992, Spears was the only person Lark trusted. Alexander testified that, when he and Lark decided to expand the operation to Columbia, South Carolina, Lark put Spears in charge of the Columbia area.
 
 
 3
 For a while, Lark made regular visits to Charlotte to bring cocaine. While there, he introduced Spears to several other conspirators who testified that Lark told them Spears was the person to contact for whatever they needed. Recorded calls between conspirator Johnny Maurice Crowder and Lark, made in April 1992 after Crowder began to cooperate, reveal that Lark had become fearful of arrest in North Carolina, and was apparently leaving the running of the business there to Spears.
 
 
 4
 During the trial, the government introduced, over a general defense objection, tapes of conversations between Crowder and Lark, and between Crowder and Spears. On appeal, Spears contends that the tapes were not properly authenticated in that the government never established that he was the person whose voice was identified as "DS" in the transcripts. However, Spears did not raise the authentication issue during trial. Moreover, when the jury asked, during deliberations, "Is there reference in the taped conversations to prove that the voice on the tapes identified as Dwight Spears is that of Dwight Spears," defense counsel suggested that the court answer that "the voice on the tape that purports to be Dwight Spears was Dwight Spears." The court then responded to the jury's question, with defense counsel's agreement: "[T]here is no issue that the voice on the tapes which purports to be Dwight Spears was, in fact, that of Dwight Spears." Spears has thus forfeited appellate review of this issue unless manifest injustice would result. United States v. Davis, 954 F.2d 182, 187 (4th Cir.1992). Because Spears agreed that he was the person identified as "DS," manifest injustice is not apparent here.
 
 
 5
 The government also introduced a number of photographs of the conspirators. Defense counsel objected to the introduction of two photographs of Lark with other conspirators as irrelevant and prejudicial. Government Exhibit 14C (or 14(c)) showed Lark with Ike Perry, a Durham drug dealer not charged as a co-defendant with Spears. Government Exhibit 4B (or 4(b)) showed Lark, Adams, Alexander, and two other conspirators. Both pictures were taken at the Chopper Lounge. The government also introduced a photograph of Lark with Spears which was taken at the Chopper Lounge. While Exhibit 14C may have had only marginal relevance, neither of the disputed photographs was unfairly prejudicial. We are unable to discern any abuse of the court's discretion in the admission of the photographs.
 
 
 6
 Spears' attorney withdrew after his conviction and new counsel was appointed in January 1993. No objections to the presentence report were made by the defense. At the sentencing hearing in March 1993, because Spears wished to contest the amount of cocaine attributed to him for sentencing purposes, the new attorney requested a continuance so that he could obtain transcripts of the trial. The court denied a continuance, finding that there had been adequate time to prepare for sentencing. Spears maintains that he was denied an opportunity to present evidence because he was unable to consult with his attorney about the presentence report before the sentencing hearing. The sentencing court is required by Fed.R.Crim.P. 32(c)(3)(A) to determine whether the defendant and his attorney have had an opportunity to read and discuss the presentence report. United States v. Miller, 849 F.2d 896 (4th Cir.1988). At sentencing, the probation officer assured the court that the report had been mailed to the new defense attorney when he was appointed in January 1993. Therefore, the court determined that Spears and his attorney had been afforded an opportunity to read and discuss the report. The rule was satisfied even if discussion did not take place. Further, it appears from the record of the sentencing that Spears and his attorney discussed the presentence report at least briefly at some point before the sentencing began.[1] Therefore, resentencing is not necessary.
 
 
 7
 Spears continued to deny his involvement in the offense after his conviction, and provided no information about his role in the offense to the probation officer or the district court. When the probation officer did not recommend an adjustment for Spears' role in the offense, the government filed an objection to the presentence report, asserting that Spears was a leader in the offense and should receive a four-level adjustment under guideline section 3B1.1(a).[2] Defense counsel opposed the adjustment in the sentencing hearing, arguing that Spears had not been charged as a leader, and that the evidence did not support the adjustment. After hearing the government's argument, the district court found that Spears was a leader and made the adjustment. We review the court's factual finding for clear error. United States v. Smith, 914 F.2d 565, 569 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991).
 
 
 8
 Spears argues on appeal that the leader adjustment was clearly erroneous because the probation officer did not recommend it and because the evidence did not support it. In particular, he asserts that there was no evidence that he supervised five participants. Although the witnesses did not supply much detail to amplify Spears' leadership role, and the evidence to support the adjustment is therefore relatively general, they agreed that Spears was Lark's man in Charlotte when Lark was not there, and that Lark put Spears in charge of his drug business in South Carolina as well. The recorded conversations in April 1992 between Crowder and Lark suggest that by then Lark was leaving the day-to-day running of the southern end of his drug business to Spears. On this evidence, the adjustment was not clearly erroneous. The guideline does not require that the defendant personally direct five named participants, only that the defendant be a leader in an offense which has five or more criminally culpable participants. Spears does not contend that the offense had fewer than five participants.
 
 
 9
 Finally, Spears claims that he received ineffective assistance in the sentencing proceeding because his attorney failed to obtain the trial transcript, failed to file objections to the presentence report, and failed to review the presentence report with him. He claims that his sentence was longer than it should have been as a result of his attorney's inaction.
 
 
 10
 Claims of ineffective assistance are not properly reviewed on direct appeal, unless the record conclusively shows ineffectiveness. United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993). Such claims may be raised later in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988). Here, the record does not demonstrate conclusively that Spears' representation was constitutionally deficient. Spears has not shown that he was prejudiced by his attorney's performance. During the sentencing proceeding, Spears objected, through his attorney, to the amount of cocaine used to calculate his offense level; he also opposed the role adjustment. On appeal, Spears does not contest the amount of cocaine and, as discussed above, his challenge to the role adjustment is without merit. Therefore, we do not consider the ineffectiveness issue.
 
 
 11
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Spears wished to contest the amount of cocaine attributed to him, and complained that, because the new attorney did not have the trial transcript, he was unable to prepare an argument on the issue. However, he has not raised the amount of drug attributed to him as an issue on appeal
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)