**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4226

JOSEPH TITO GRIN, a/k/a Jo Jo,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-257)

Submitted: October 14, 1999

Decided: November 19, 1999

Before TRAXLER and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jeffrey S. Lisson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Tito Grin was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine base (crack), see 21 U.S.C. § 846 (1994), and was sentenced to a term of 324 months imprisonment. Grin appeals his conviction on the ground that the evidence was insufficient to prove his participation in the conspiracy charged in the indictment. He also appeals his sentence, alleging that the district court abused its discretion in denying him a continuance of sentencing and erred in determining the amount of crack attributable to him for sentencing purposes. See U.S. Sentencing Guidelines Manual § 2D1.1 (1998). He further claims that he was denied his Sixth Amendment right to counsel because the district court denied his attorney's motion to withdraw at the sentencing hearing and did not inform him that he could represent himself. We affirm the conviction but vacate the sentence and remand for resentencing for reasons explained below.

A conviction "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). To prove a conspiracy to possess crack with intent to distribute, the government must prove that such an agreement existed, that the defendant knew of the conspiracy, and that the defendant knowingly and voluntarily joined the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

The testimony of the government's witnesses at Grin's trial established the existence of a conspiracy among a group of crack distributors known as "the Florida Boys" and the people they used to sell crack for them in North Carolina, as well as Grin's knowledge of and participation in the conspiracy. Grin argues that the government's proof fails because there was no evidence that he participated in the

2

conspiracy before July 1996 or after April 1997, when he was arrested. However, the evidence of his participation between those dates was sufficient to establish his guilt. See Burgos, 94 F.3d at 858 ("`[O]ne may be a member of a conspiracy without . . . taking part in the full range of its activities or over the whole period of its existence.'") (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993)). No variance occurred, as Grin contends.

The district court's denial of a motion to replace appointed counsel is reviewed for abuse of discretion. See United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). A defendant who wishes to waive his right to counsel and represent himself, must invoke his right to self-representation by means of a clear and unequivocal statement. See Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995).

Mullen sets out three factors the appeals court should consider in determining whether the district court abused its discretion in denying a motion to substitute counsel: the timeliness of the motion for new counsel; the adequacy of the district court's inquiry into the defendant's complaint against his attorney; and whether the attorney-client conflict was so great that communication had completely broken down and prevented an adequate defense. See Mullen, 32 F.3d at 895. Grin's request for new counsel came on the day he was sentenced. The district court gave Grin an opportunity to describe his reasons for wishing to dispense with his attorney, which revealed that Grin was somewhat dissatisfied with his attorney's performance but primarily unhappy with his lack of receptiveness to outside assistance. On these facts, we cannot say that the district court abused its discretion in denying the attorney's motion to withdraw.

Grin did not invoke his right to represent himself, but he asserts that the district court should have advised him that he had such a right, so that he could have invoked it, and that the failure to so advise him requires resentencing. However, we cannot find that the district court erred in not advising Grin that he could represent himself. Invocation of the right to self-representation involves a waiver of the right to counsel, which is the more favored right. See Fields, 49 F.3d at 1028. Moreover, once a defendant proceeds to trial or through the guilt phase, his right to proceed pro se is not absolute, but is within

3

the discretion of the court. See Bassett v. Thompson, 915 F.2d 932, 941-42 (4th Cir. 1990).

Next, we find that the district court abused its discretion in denying defense counsel's motion for a continuance of sentencing. See United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995) (providing standard of review). Rule 32(b)(6)(A) of the Federal Rules of Criminal Procedure provides that the presentence report must be disclosed not later than thirty-five days before sentencing. Grin's attorney received the report a few days late. At the sentencing hearing, defense counsel requested a continuance. The district court denied the motion. Because the Rule mandates disclosure a full thirty-five days before sentencing, we vacate Grin's sentence and remand for resentencing. United States v. Miller, 849 F.2d 896 (4th Cir. 1988), is explicit. "[A] bright-line approach is mandated by the clear language of Rule 32." Id. at 897. In this way, as Justice Frankfurter explained in Green v. United States, 365 U.S. 301, 305 (1961), speaking of Rule 32 (allocution procedures), a trial court will "avoid litigation arising out of ambiguous records."*

For the reasons discussed, we affirm the conviction, but vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

_____

*This is not to say, however, that there can be no waiver of the thirty-five day period prior to sentencing. There may be circumstances where a waiver is expressed or may be inferred from the record.

4