**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                          No. 01-4810

DANNY ALLISON BATTLE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-30-BO)

Submitted: June 20, 2002

Decided: June 28, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. J. Frank Bradsher, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Danny Allison Battle pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He was sentenced to 96 months imprisonment, followed by three years of supervised release. Battle noted a timely appeal and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court adequately ascertained that Battle had read and discussed with his attorney the presentence report prior to sentencing, as required by Fed. R. Crim. P. 32(c)(3)(A), but stating that in his opinion there are no meritorious issues for appeal. Although notified of his right to file a pro se supplemental brief, Battle has not done so. For the reasons that follow, we affirm.

Before imposing sentence, a district court must verify that the defendant and defendant's counsel have read and discussed the presentence report. *United States v. Miller*, 849 F.2d 896, 897 (4th Cir. 1988). A district court is not always required to expressly ask whether the report has been read and discussed; instead, a statement by counsel or the defendant may demonstrate that the report has been read and discussed by them. *United States v. McManus*, 23 F.3d 878, 884-85 (4th Cir. 1994). We find that the record establishes that Battle had read the presentence report and had discussed it with his attorney prior to sentencing. Accordingly, we conclude that the district court complied with Rule 32(c)(A)(3).

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm the judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*