70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Maurice F. ALVES, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 94-1849.
 United States Court of Appeals, First Circuit.
 Dec. 8, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge]
 Maurice F. Alves on brief pro se.
 Donald K. Stern, United States Attorney, and John M. Griffin, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. Appellant's retroactivity argument is clearly foreclosed by our decision in United States v. Havener, 905 F.2d 3 (1st Cir.1990) (holding that Amendment 266 was not retroactive). His complaint regarding the Fed.R.Crim.P. 32(a)(1) colloquy does not appear cognizable in a Sec. 2255 motion. See Hill v. United States, 368 U.S. 424 (1962) (holding that a failure to follow the formal requirements of Rule 32(a) is not of itself an error cognizable pursuant to Sec. 2255). In any event, that precise argument also has been considered previously and rejected. United States v. Manrique, 959 F.2d 1155, 1157-58 (1st Cir.1992) (rejecting claim that district court must personally ask defendant whether (a) he had the opportunity to read the PSR, (b) he had discussed report with counsel, and (c) he wished to challenge the report). The district court did not abuse its discretion in giving the government an enlargement of time in which to respond to the Sec. 2255 motion.
 
 
 2
 The remainder of appellant's claims concern the application of the sentencing guidelines. Neither of these claims appears to implicate "a fundamental defect which inherently results in a complete miscarriage of justice," so as to permit review on collateral attack. Knight v. United States, No. 94-1374, slip op. at p. 6 (Oct. 20, 1994) (quoting Hill v. United States, 368 U.S. at 428). In any event, these claims could have been raised on direct appeal and appellant has not shown cause and prejudice for failing to do so. Id. at p. 10.
 
 
 3
 The request for oral argument is denied.
 
 
 4
 Affirmed.