USCA1 Opinion

 

 December 8, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1849 MAURICE F. ALVES, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Maurice F. Alves on brief pro se. ________________ Donald K. Stern, United States Attorney, and John M. Griffin, ________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. We have reviewed the parties' briefs and __________ the record on appeal. Appellant's retroactivity argument is clearly foreclosed by our decision in United States v. ______________ Havener, 905 F.2d 3 (1st Cir. 1990) (holding that Amendment _______ 266 was not retroactive). His complaint regarding the Fed. R. Crim. P. 32(a)(1) colloquy does not appear cognizable in a 2255 motion. See Hill v. United States, 368 U.S. 424 ___ ____ ______________ (1962) (holding that a failure to follow the formal requirements of Rule 32(a) is not of itself an error cognizable pursuant to 2255). In any event, that precise argument also has been considered previously and rejected. United States v. Manrique, 959 F.2d 1155, 1157-58 (1st Cir. _____________ ________ 1992) (rejecting claim that district court must personally ask defendant whether (a) he had the opportunity to read the PSR, (b) he had discussed report with counsel, and (c) he wished to challenge the report). The district court did not abuse its discretion in giving the government an enlargement of time in which to respond to the 2255 motion. The remainder of appellant's claims concern the application of the sentencing guidelines. Neither of these claims appears to implicate "a fundamental defect which inherently results in a complete miscarriage of justice," so as to permit review on collateral attack. Knight v. United ______ ______ States, No. 94-1374, slip op. at p. 6 (Oct. 20, 1994)(quoting ______ Hill v. United States, 368 U.S. at 428). In any event, these ____ _____________ -2- claims could have been raised on direct appeal and appellant has not shown cause and prejudice for failing to do so. Id. ___ at p. 10. The request for oral argument is denied. Affirmed. _________ -3-