**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4258**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

KIRT LIONEL BYNUM,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:07-cr-00242-CCB-1)

Submitted:  November 19, 2008      Decided:  December 4, 2008

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirt Lionel Bynum appeals from his conviction and 188-month sentence after pleading guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The Government has filed a motion to dismiss the appeal, asserting that pursuant to the appellate waiver contained in Bynum's plea agreement, there is no basis to challenge the sentence imposed. In response, counsel for Bynum concedes that the Government's motion to dismiss should be granted. Bynum's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review whether Bynum's guilty plea was valid and whether his sentence was reasonable. Bynum has filed a pro se supplemental brief in which he contends that: (1) the district court failed to ensure he had reviewed the presentence report ("PSR") with counsel; (2) his attorney provided ineffective assistance by failing to object to his career offender status; (3) the Fed. R. Crim. P. 11 hearing was invalid; and (4) his sentence was unreasonable.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a

2

defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

Bynum's first claim is that the Rule 11 hearing was inadequate because the district court failed to inform him that he could not withdraw his plea should the court reject the Government's sentencing recommendations. Pursuant to Rule 11(c)(3)(B), if the government agrees to request a certain sentence or sentencing range, or recommend that a particular sentencing factor does or does not apply, the district court "must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Because Bynum did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

During the plea colloquy, while the district court informed Bynum that it was not a party to the plea agreement and did not have to accept the Government's sentencing recommendations, the court failed to warn Bynum that its decision not to accept the Government's recommendations would

3

not be grounds for withdrawing his guilty plea.  However, Bynum has presented no evidence to demonstrate that "but for the error, he would not have entered the plea."  United States v. Dominguez-Benitez, 542 U.S. 74, 83 (2004).  The plea agreement notified Bynum that the district court was not a party to the plea agreement and that the court's decision not to abide by the stipulations contained in the agreement would not be grounds for withdrawing the guilty plea.  During the Rule 11 hearing, Bynum stated that he had reviewed the plea agreement with his attorney, understood each section, and was agreeing to the terms voluntarily.

There is no indication in the record that the omission by the district court affected Bynum's decision to enter his guilty plea, as Bynum has not identified any evidence demonstrating the probability of a different result "sufficient to undermine confidence in the outcome of the proceeding." Dominguez-Benitez, 542 U.S. at 83 (internal quotation marks and citation omitted).  Accordingly, we find that Bynum has failed to demonstrate the district court's error affected his substantial rights, as the record establishes that Bynum knowingly and voluntarily entered into his guilty plea.

Bynum's next claim is that the district court failed to verify that he and his attorney had read and discussed the PSR.  Pursuant to Fed. R. Crim. P. 32(i)(1)(A), the district

4

court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." At the sentencing hearing, the district court asked Bynum's attorney whether he had reviewed the PSR with his client; counsel replied that he had "read and discussed it with [Bynum] extensively." Despite counsel's assurances to the court, Bynum contends the district court was required to address him personally with regard to this matter. While the district court must determine the defendant has had an opportunity to review the PSR with counsel, this determination can be made by asking "[the] defendant, his lawyer, or both." See United States v. Miller, 849 F.2d 896, 897-98 (4th Cir. 1988). Accordingly, we find the district court did not violate Rule 32(i)(1)(A).

Bynum next contends his attorney erred in conceding that the offenses identified by the Government at sentencing were sufficient to establish he was a career offender, as counsel did not consult with him regarding the validity of the convictions or whether he was actually convicted of those offenses. However, there is no evidence in the record to support Bynum's assertions. Because the record does not conclusively demonstrate ineffective assistance, this claim should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295

5

(4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Finally, Bynum contends his sentence was unreasonable. However, this claim is squarely within the scope of the appellate waiver, as Bynum waived his right to appeal "from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 31." See United States v. Blick, 408 F.3d 162, 172-73 (4th Cir. 2005). Based on an offense level of 31 and a criminal history of VI, Bynum's Sentencing Guideline range was 188 to 235 months. Accordingly, because Bynum's sentence of 188 months was within the Guidelines range, his claim is barred by the appellate waiver.

Accordingly, we grant the Government's motion to dismiss in part as it relates to Bynum's sentence. As for Bynum's claims regarding the validity of his Rule 11 hearing, the district court's failure to abide by Rule 32(i)(1)(A), and ineffective assistance of counsel, we deny the Government's motion to dismiss as to those claims, but nonetheless affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART